*Peter M. Lively, 162686*
Law Office of Peter M. Lively
11268 Washington Boulevard, Suite 203
Culver City, California 90230-4647
Telephone: (310) 391-2400
Facsimile: (310) 391-2462
Email Address: PeterMLively@aol.com

■ Attorney for Debtor(s),
State Bar I.D. No. 162686

❏ Debtor(s) in Pro Se  (Any reference to the singular shall include the plural in the case of joint debtors.)

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| List all names (including trade names) used by the debtor within the last 8 years:<br><br>Gene Douglas Balas and Carlos A. Morales | Chapter 13<br><br>Case Number: 2:11-bk-17831-AA<br><br>**CHAPTER 13 PLAN**<br><br>CREDITOR'S MEETING:<br>Date: March 28, 2011<br>Time: 3:30 p.m.<br>Place: 711 South Hope Street, Room Redondo B<br>Sheraton Los Angeles Downtown Hotel<br>Los Angeles, California 90017<br><br>CONFIRMATION HEARING:<br>Date: May 12, 2011<br>Time: 10:00 a.m.<br>Place: 255 East Temple Street, Courtroom 1375<br>Los Angeles, California 90012 |
|---|---|

## NOTICE

This Chapter 13 Plan is proposed by the above Debtor. The Debtor attests that the information stated in this Plan is accurate. Creditors cannot vote on this Plan. However, creditors may object to this Plan being confirmed pursuant to 11 U.S.C. §1324. Any objection must be in writing and must be filed with the court and served upon the Debtor, Debtor's attorney (if any), and the Chapter 13 Trustee not less than 7 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this chapter 13 plan. The Plan, if confirmed, modifies the rights and duties of the debtor and creditors to the treatment provided in the Plan as confirmed, with the following IMPORTANT EXCEPTIONS:

Unless otherwise provided by law, each creditor will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharged under 11 U.S.C. §1328. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

Defaults will be cured using the interest rate set forth below in the Plan. Any ongoing obligation will be paid according to the terms of the plan.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California

Revised November 2006    F 3015-1.1

**HOLDERS OF SECURED CLAIMS AND CLASS 1 CLAIMANTS WILL BE PAID ACCORDING TO THIS PLAN AFTER CONFIRMATION UNLESS THE SECURED CREDITOR OR CLASS 1 CLAIMANT FILES A PROOF OF CLAIM IN A DIFFERENT AMOUNT THAN THAT PROPOSED IN THE PLAN.** If a secured creditor or a class 1 creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

**HOLDERS OF ALL OTHER CLAIMS MUST TIMELY FILE PROOFS OF CLAIMS, IF THE CODE SO REQUIRES, OR THEY WILL NOT BE PAID ANY AMOUNT.** A Debtor who confirms a Plan may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. §1328.

The Debtor proposes the following Plan and makes the following declarations:

I. **PROPERTIES AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE TRUSTEE:**

The Debtor submits the following to the supervision and control of the trustee:

A. Payments by Debtor of $ **514.48** per month for **1st to 3rd, then $1053.48, 4th to 48th, then $1,235.46, 49th to 60th** months. This monthly payment will begin within 30 days of the date the petition was filed.

B. The base plan amount is $ **63,775.56** Which is estimated to pay **4** % of the allowed claims of nonpriority unsecured creditors. If that percentage is less than 100%, the Debtor will pay the Plan Payment stated in the Plan for the full term of the Plan or until the base plan amount is paid in full, and the Chapter 13 Trustee may increase the percentage to be paid to creditors accordingly.

C. Amounts necessary for the payment of post petition claims allowed under 11 U.S.C. §1305.

D. Preconfirmation adequate protection payments for any creditor who holds an allowed claim secured by personal property where Such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in the plan. Preconfirmation adequate protect payments and preconfirmation lease payments will be paid to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |

Each adequate protect payment or preconfirmation lease payment will commence on or before the 30th day from the date of filing of the case. The Chapter 13 Trustee shall deduct the forgoing adequate protection payment(s) and/or preconfirmation lease payment from the Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will take his or her statutory fee on all disbursements made for preconfirmation adequate Protection payments or preconfirmation lease payments.

E. Other property: _____
   (specify property or indicate none)

II. **ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:**
Except as otherwise provided in the plan or by court order, the Chapter 13 Trustee shall disburse all available funds for the payment of claims as follows:

A. ORDER OF PAYMENTS:

1. If there are Domestic Support Obligations, the order of priority shall be:.

   (a) Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on payments
   to date;

   (b) Administrative expenses (Class 1(a)) in an amount not exceeding **89** % of each Plan Payment until paid in full;

Chapter 13 Plan (Rev. 11/06) - Page 3    2:11-bk-17831-AA    2006 USBC, Central District of Californi

2. If there are no Domestic Support Obligations, the order of priority shall be the Chapter 13 Trustee's fee not exceeding the $amount accrued on payments made to date, and administrative expenses (Class 1(a)) in an amount not exceeding __89__ % of each Plan Payment until paid in full.

3. Notwithstanding 1 and 2 above, ongoing payments on secured debts that are to be made by the Chapter 13 Trustee from the Plan Payment; such secured debt may be paid by the Chapter 13 Trustee commencing with the inception of Plan Payments.

4. Subject to 1, 2 and 3 above, pro rata to all other claims except as otherwise provided in the Plan.

5. No payment shall be made on non-priority unsecured claims until all secured and priority claims have been paid in full.

B. CLASSIFICATION AND TREATMENT OF CLAIMS:

### CLASS 1

**ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. § 507**

The Debtor will pay Class 1 claims in full; except the debtor may provide for less than full payment of Domestic Support Obligations pursuant to 11 U.S.C. §1322(a)(4).

| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|

a. Administrative Expenses

(1) Chapter 13 Trustee's Fee - estimated at 11% of all payments to be made to all classes through this Plan.

| | | | | | |
|---|---|---|---|---|---|
| (2) Attorney's Fees (Estimate and subject to court approval) | $5,000.00 | | $450 $730 | 3, 1st to 3rd 5, 4th to 8th | $5,000.00 |
| (3) Chapter 7 Trustee's Fees (Specify Trustee Name) | $ | | $ | $ | $ |
| (4) Other | $ | | $ | $ | $ |

b. Other Priority Claims

| | | | | | |
|---|---|---|---|---|---|
| (1) Internal Revenue Service | $ 38,541.75 | 0% | $741.19 | 52, 9th to 60th | $38,541.75 |
| (2) Franchise Tax Board | $ 8,495.00 | 0% | $163.37 | 52, 9th to 60th | $8,495.00 |
| (3) Domestic Support Obligations | $ | % | $ | | $ |
| (4) Other: | $ | % | $ | | $ |

c. Domestic Support Obligations that are not to be paid in full through the Plan (Specify Creditor Name):

| | | | | | |
|---|---|---|---|---|---|
| | $ | % | $ | | $ |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California

Revised November 2006                                                                                                                    F 3015-1.1

| Chapter 13 Plan (Rev. 11/06) - Page 4 | 2:11-bk-17831-AA | 2006 USBC, Central District of California |
|---|---|---|

## CLASS 2

### CLAIMS SECURED SOLELY BY PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES <u>AFTER</u> THE FINAL PLAN PAYMENT IS DUE

1. ☐ The post-confirmation monthly mortgage payment will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ☐ The post-confirmation monthly mortgage payment will be made by the Debtor directly to:

_____        _____
(name of creditor)                                    (last 4 digits of account number)

_____        _____
(name of creditor)                                    (last 4 digits of account number)

**The Debtor will cure all pre-petition arrearages for the primary residence through the Plan Payment as set forth below.**

**Cure of Default**

| Name of Creditor | Last Four Digits of Account Number | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|
| | | $ | % | $ | | $ |
| | | $ | % | $ | | $ |

## CLASS 3

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE PAID IN FULL DURING THE TERM OF THE PLAN

| Name of Creditor | Last Four Digits of Account No. | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | EQUAL MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|---|
| | | $ | $ | % | $ | | $ |
| | | $ | $ | % | $ | | $ |

Chapter 13 Plan (Rev. 11/06) - Page 5        2:11-bk-17831-AA        2006 USBC, Central District of California

## CLASS 4

### OTHER SECURED CLAIMS ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE

1. ☐ The post-confirmation monthly mortgage payment will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ☐ The post-confirmation monthly mortgage payment will be made by the Debtor directly to:

_____        _____
(name of creditor)                                    (last 4 digits of account number)

_____        _____
(name of creditor)                                    (last 4 digits of account number)

**The Debtor will cure all pre-petition arrearages for the primary residence through the Plan Payment as set forth below.**

### Cure of Default

| Name of Creditor | Last Four Digits of Account Number | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|
| | | $ | % | $ | | $ |
| | | $ | % | $ | | $ |

## CLASS 5

### NON-PRIORITY UNSECURED CLAIMS

The Debtor estimates that non-priority unsecured claims total the sum of $ **133,708.53**.

Class 5 claims will be paid as follows:

(Check only one box)

■ Class 5 claims (including allowed unsecured amounts from Class 3) are of one class and will be paid pro-rata.
OR
☐ Class 5 claims will be divided into subclasses as shown on the attached exhibit (which also shows the justification for the differentiation among subclasses) and the creditors in each subclass will be paid pro rata.

III. **COMPARISON WITH CHAPTER 7**

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date. The amount distributed to nonpriority unsecured creditors in Chapter 7 would be $ __0__ which is estimated to pay __0__ % of the scheduled

IV. PLAN ANALYSIS

|  |  |
|---|---|
| CLASS 1a | $5,000.00 |
| CLASS 1b | $47,036.75 |
| CLASS 1c | $ |
| CLASS 2 | $ |
| CLASS 3 | $ |
| CLASS 4 | $ |
| CLASS 5 | $5,418.71 |
| SUB-TOTAL | $57,455.46 |
| CHAPTER 13 TRUSTEE'S FEE (ESTIMATED 11% unless advised otherwise) | $6,320.10 |
| TOTAL PAYMENT | $63,775.56 |

V. OTHER PROVISIONS

    A. The Debtor rejects the following executory contracts and unexpired leases:

---

    B. The Debtor assumes the executory contracts or unexpired leases set forth in this section. As to each contract or lease assumed, any defaults therein and Debtor's proposal for cure of said default(s) is described in Class 4 of this Plan. The Debtor has a leasehold interest in personal property and will make all post-petition payments directly to the lessor(s):

---

    C. In addition to the payments specified in Class 2 and Class 4, the Debtor will make regular payments, including any pre-confirmation payments, directly to the following:

---

    D. The Debtor hereby surrenders the following personal or real property: (Identify property and creditor to which it is surrendered)

---

    E. The Debtor shall incur no debt greater than $500.00 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

---

    F. Miscellaneous provisions: (Use Attachment, if necessary):

---

    G. The Trustee is authorized to disburse funds after the date of confirmation in open court.

Chapter 13 Plan (Rev. 11/06) - Page 7    2:11-bk-17831-AA    2006 USBC, Central District of California

H. The Debtor will pay timely all post-confirmation tax liabilities directly to the appropriate taxing authorities as they come due.

I. The Debtor will pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition.

## VI. REVESTING OF PROPERTY

Property of the state shall not revest in the Debtor until such time as a discharge is granted or the case is dismissed or closed without discharge. Revestment shall be subject to all liens and encumbrances in existence when the case was filed, except those lines avoided by court order or extinguished by operation of law. In the event the case is converted to a case under Chapter 7, 11 or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the Plan, the Chapter 13 Trustee shall have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale or refinance as required by the Local Bankruptcy Rules. Prior to any discharge or dismissal, the Debtor must seek approval of the court to purchase, sell or refinance real property.

Dated: 3/9/11

Attorney for Debtor

Debtor

Joint debtor

| In re: | | CHAPTER 13 |
|---|---|---|
| Gene Douglas Balas and Carlos A. Morales | | |
| | Debtor(s). | CASE NUMBER 2:11-bk-17831-AA |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 11268 Washington Boulevard, Suite 203, Culver City, California 90230-4647.

A true and correct copy of the foregoing document described <u>CHAPTER 13 PLAN</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>March 9, 2011</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On <u>March 9, 2011</u>, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 03/09/2011 | David Ramos | *[signature]* |
|---|---|---|
| Date | Type Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                            F 9013-3.1

| In re: Gene Douglas Balas and Carlos A. Morales | Debtor(s). | CHAPTER 13 |
|---|---|---|
| | | CASE NUMBER 2:11-bk-17831-AA |

ADDITIONAL SERVICE INFORMATION (if needed):

## I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):

**United States Trustee:**
United States Trustee
ustpregion16.la.ecf@usdoj.gov

**Chapter 13 Trustee:**
Kathy A. Dockery
efiling@CH13LA.com

## II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL:

**via U.S. Mail:**

SEE ATTACHED MAILING MATRIX

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                        F 9013-3.1

**DEBTORS:**
GENE DOUGLAS BALAS
CARLOS A. MORALES
5702 LINDENHURST AVE.
LOS ANGELES, CA 90036

**CREDITORS:**
ACURA FINANCIAL SERVICES
P.O. BOX 600001
CITY OF INDUSTRY, CA 91716

BANK OF AMERICA
P.O. BOX 15026
WILMINGTON, DE 19850

BMW FINANCIAL SERVICES
P.O. BOX 3608
DUBLIN, OH 43016-0306

BMW FINANCIAL SERVICES
C/O VITAL RECOVERY SERVICES, INC.
P.O. BOX 923748
NORCROSS, GA 30010

CAPITAL ONE BANK
P.O. BOX 30285
SALT LAKE CITY, UT 84130

CEDARS-SINAI
P.O. BOX 60109
LOS ANGELES, CA 90060

CHASE
P.O. BOX 15298
WILMINGTON, DE 19850

CHEVRON CREDIT BANK
P.O. BOX 5010
CONCORD, CA 94524

CITIBANK
P.O. BOX 26892
SAN FRANCISCO, CA 94126

CONSULTANTS FOR PATHOLOGY
4607 LAKEVIEW CANYON RD., SUITE 598
WESTLAKE VILLAGE, CA 91361

FRANCHISE TAX BOARD
ATTENTION: BANKRUPTCY
P.O. BOX 2952
SACRAMENTO, CA 95812

HSBC CARD SERVICES
C/O NCO FINANCIAL SYSTEMS
P.O. BOX 15372
WILMINGTON, DE 19850

HSBC CARD SERVICES
P.O. BOX 81622
SALINAS, CA 93912

HSBC CARD SERVICES
C/O HUNT & HENRIQUES
151 BERNAL ROAD, SUITE 8
SAN JOSE, CA 95119

INTERNAL REVENUE SERVICE
P.O. BOX 21126
PHILADELPHIA, PA 19114

MD PERIODONTICS
A. MOSHREFI, DDS MS & N. DANESHMAND
9735 WILSHIRE BLVD., SUITE 211
BEVERLY HILLS, CA 90212

SALLIE MAE
P.O. BOX 9533
WILKES-BARRE, PA 187773-9533

PARK LA BREA
6200 W. THIRD STREET
LOS ANGELES, CA 90036