1  PETER C. ANDERSON
   UNITED STATES TRUSTEE
2  JILL M. STURTEVANT (State Bar No. 089395)
   ASSISTANT UNITED STATES TRUSTEE
3  HATTY YIP (State Bar No. 246487)
   hatty.yip@usdoj.gov
4  TRIAL ATTORNEY
   OFFICE OF THE UNITED STATES TRUSTEE
5  725 So. Figueroa Street, Suite 2600
   Los Angeles, California 90017
6  (213) 894- 1507 telephone
   (213) 894- 2603 facsimile
7

8
                    **UNITED STATES BANKRUPTCY COURT**
9
                    **CENTRAL DISTRICT OF CALIFORNIA**
10
                        **LOS ANGELES DIVISION**
11
   In re:                              )    Case No. 2:11-bk-17831-AA
12                                      )
                                        )    Chapter 13
13                                      )
   **GENE DOUGLAS BALAS and CARLOS A.**)    **REQUEST FOR JUDICIAL NOTICE IN**
14 **MORALES,**                         )    **SUPPORT OF UNITED STATES**
                                        )    **TRUSTEE'S NOTICE OF MOTION AND**
15                                      )    **MOTION TO DISMISS PURSUANT TO**
              Debtor(s).                )    **11 U.S.C. § 1307(c) OR FOR RELATED**
16                                      )    **RELIEF**
                                        )
17                                      )    Date:  May 11, 2011
                                        )    Time:  1:30 p.m.
18                                      )    Place: Courtroom 1345
                                        )            255 E. Temple St.
19                                      )            Los Angeles, CA 90012
                                        )
20                                      )
                                        )
21                                      )
                                        )
22                                      )
                                        )
23 _____      )

24        Pursuant to Fed. R. Evid. 201, made applicable in this case pursuant to Fed. R. Bankr. P.

25 9017, Movant United States Trustee hereby requests that this Court take judicial notice of the

26 following schedules and statements from Debtors' pending bankruptcy case in connection with the

27 United States Trustee's NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO 11

28 U.S.C. § 1307(c) OR FOR RELATED RELIEF:

1     1)     The Case Docket for *In re: Gene Douglas Balas and Carlos A. Morales*, Case No.

2            2:11-bk-17831-AA; and

3     2)     The voluntary chapter 7 bankruptcy petition, schedules and statements, and any

4            amended schedules and statements, filed by the Debtors in *In re: Gene Douglas*

5            *Balas and Carlos A. Morales*, Case No. 2:11-bk-17831-AA; and

6     3)     Debtors' Application to Employ Klee, Tuchin, Bogdanoff & Stern LLP as Special

7            Counsel on a Pro Bono Basis in Connection with Certain Specific Matters, and the

8            exhibits attached thereto, filed on April 1, 2011, in *In re: Gene Douglas Balas and*

9            *Carlos A. Morales*, Case No. 2:11-bk-17831 (docket item #21).

10

11                          Respectfully submitted,

12                          PETER C. ANDERSON
                            UNITED STATES TRUSTEE

13     DATED: April 15, 2011

14                          By: _____
                                HATTY YIP

15                                 Trial Attorney

16

17

18

19

20

21

22

23

24

25

26

27

28
                               2

# EXHIBIT 1

# EXHIBIT 1

## U.S. Bankruptcy Court
## Central District Of California (Los Angeles)
## Bankruptcy Petition #: 2:11-bk-17831-AA

*Date filed:*   02/24/2011

*Assigned to:* Alan M. Ahart
Chapter 13
Voluntary
Asset

*Debtor*
**Gene Douglas Balas**
5702 Lindenhurst Ave.
Los Angeles, CA 90036
SSN / ITIN: xxx-xx-0140

represented by **Peter M Lively**
The Law Offices of Peter M
Lively
11268 Washington Blvd Ste
203
Culver City, CA 90230-4647
310-391-2400
Fax : 310-391-2462
Email:
PeterMLively2000@yahoo.com

**Robert J Pfister**
Klee Tuchin Bogdanoff & Stern
LLP
1999 Ave of the Stars 39th Fl
Los Angeles, Ca 90067
310-407-4065
Fax : 310-407-9090
Email: rpfister@ktbslaw.com

*Joint Debtor*
**Carlos A. Morales**
5702 Lindenhurst Ave.
Los Angeles, CA 90036
SSN / ITIN: xxx-xx-8928

represented by **Peter M Lively**
(See above for address)

**Robert J Pfister**
(See above for address)

*Trustee*
**Kathy A Dockery (TR)**
700 S. Flower Street, Suite 1950
Los Angeles, CA 90017
(213) 996-4400

*U.S. Trustee*
**United States Trustee (LA)**
725 S Figueroa St., 26th Floor
Los Angeles, CA 90017

| Filing Date | # | Docket Text |
|---|---|---|
| 02/24/2011 | 1 | Chapter 13 Voluntary Petition . Fee Amount $274 Filed by Gene Douglas Balas, Carlos A. Morales Schedule A due 03/10/2011. Schedule B due 03/10/2011. Schedule C due 03/10/2011. Schedule D due 03/10/2011. Schedule E due 03/10/2011. Schedule F due 03/10/2011. Schedule G due 03/10/2011. Schedule H due 03/10/2011. Schedule I due 03/10/2011. Schedule J due 03/10/2011. Statement of Financial Affairs due 03/10/2011. Chapter 13 Plan due by 03/10/2011. Statement - Form 22C Due: 03/10/2011. Incomplete Filings due by 03/10/2011. (Lively, Peter) (Entered: 02/24/2011) |
| 02/24/2011 | | Receipt of Voluntary Petition (Chapter 13)(2:11-bk-17831) [misc,volp13] ( 274.00) Filing Fee. Receipt number 18991243. Fee amount 274.00. (U.S. Treasury) (Entered: 02/24/2011) |
| 02/24/2011 | 2 | Statement of Social Security Number(s) Form B21 Filed by Debtor Gene Douglas Balas, Joint Debtor Carlos A. Morales. (Lively, Peter) (Entered: 02/24/2011) |
| 02/24/2011 | 3 | Certificate of Credit Counseling Filed by Debtor Gene Douglas Balas. (Lively, Peter) (Entered: 02/24/2011) |
| 02/24/2011 | 4 | Certificate of Credit Counseling Filed by Joint Debtor Carlos A. Morales. (Lively, Peter) (Entered: 02/24/2011) |
| 02/24/2011 | 5 | Declaration Re: Electronic Filing Filed by Debtor Gene Douglas Balas, Joint Debtor Carlos A. Morales. (Lively, Peter) (Entered: 02/24/2011) |
| 02/24/2011 | 6 | Meeting of Creditors with 341(a) meeting to be held on 03/28/2011 at 03:30 PM at RM Redondo B, Sheraton LA Downtown Hotel, 711 South Hope St., Los Angeles, CA 90017. Confirmation hearing to be held on 05/12/2011 at 10:00 AM at Crtrm 1375, 255 E Temple St., Los Angeles, CA 90012. Proof of Claim due by 06/27/2011. (Lively, Peter) (Entered: 02/24/2011) |
| 02/27/2011 | 7 | BNC Certificate of Notice (RE: related document(s) 6 Meeting (AutoAssign Chapter 13)) No. of Notices: 17. Service Date 02/27/2011. (Admin.) (Entered: 02/27/2011) |
| 02/27/2011 | 8 | BNC Certificate of Notice (RE: related document(s) 1 Voluntary Petition (Chapter 13) filed by Debtor Gene Douglas Balas, Joint Debtor Carlos A. Morales) No. of Notices: 1. Service Date 02/27/2011. (Admin.) (Entered: 02/27/2011) |

| 03/09/2011 | 9 | Summary of Schedules , Statistical Summary of Certain Liabilities, Schedule A , Schedule B , Schedule C , Schedule D , Schedule E , Schedule F , Schedule G , Schedule H , Schedule I , Schedule J , Declaration concerning debtor's schedules , Statement of Financial Affairs , Chapter 13 Statement of Current Monthly and Disposable Income Filed by Debtor Gene Douglas Balas, Joint Debtor Carlos A. Morales. (Lively, Peter) (Entered: 03/09/2011) |
| --- | --- | --- |
| 03/09/2011 | 10 | Declaration Re: Electronic Filing *of Schedules and Statements* Filed by Debtor Gene Douglas Balas, Joint Debtor Carlos A. Morales. (Lively, Peter) (Entered: 03/09/2011) |
| 03/09/2011 | 11 | Chapter 13 Plan *with proof of service* Filed by Debtor Gene Douglas Balas, Joint Debtor Carlos A. Morales (RE: related document(s) 1 Chapter 13 Voluntary Petition . Fee Amount $274 Filed by Gene Douglas Balas, Carlos A. Morales Schedule A due 03/10/2011. Schedule B due 03/10/2011. Schedule C due 03/10/2011. Schedule D due 03/10/2011. Schedule E due 03/10/2011. Schedule F due 03/10/2011. Schedule G due 03/10/2011. Schedule H due 03/10/2011. Schedule I due 03/10/2011. Schedule J due 03/10/2011. Statement of Financial Affairs due 03/10/2011. Chapter 13 Plan due by 03/10/2011. Statement - Form 22C Due: 03/10/2011. Incomplete Filings due by 03/10/2011.). (Lively, Peter) (Entered: 03/09/2011) |
| 03/09/2011 | 12 | Debtor's notice of section 341(a) meeting and hearing on confirmation of chapter 13 plan with copy of chapter 13 plan *with proof of service* Filed by Debtor Gene Douglas Balas, Joint Debtor Carlos A. Morales. (Lively, Peter) (Entered: 03/09/2011) |
| 03/09/2011 | 13 | Declaration RE Tax Returns (Preconfirmation) Filed by Debtor Gene Douglas Balas. (Lively, Peter) (Entered: 03/09/2011) |
| 03/09/2011 | 14 | Declaration RE: Payment of Domestic Support Obligations Filed by Debtor Gene Douglas Balas. (Lively, Peter) (Entered: 03/09/2011) |
| 03/09/2011 | 15 | Declaration RE Tax Returns (Preconfirmation) Filed by Joint Debtor Carlos A. Morales. (Lively, Peter) (Entered: 03/09/2011) |
| 03/09/2011 | 16 | Declaration RE: Payment of Domestic Support Obligations Filed by Joint Debtor Carlos A. Morales. (Lively, Peter) (Entered: 03/09/2011) |
| 03/09/2011 | 17 | Debtor's Certification of Employment Income Filed by Debtor Gene Douglas Balas, Joint Debtor Carlos A. Morales. (Lively, Peter) (Entered: 03/09/2011) |

Case 2:11-bk-17831-TD   Doc 29   Filed 04/15/11   Entered 04/15/11 15:25:10   Desc
Main Document   Page 7 of 95
CM/ECF - U.S. Bankruptcy Court (v3.3.3 - LIVE)

Page 4 of 5

| | | |
|---|---|---|
| 03/18/2011 | 18 | Notice of Hearing Filed by. (Dockery (TR), Kathy) (Entered: 03/18/2011) |
| 03/30/2011 | 19 | Objection to Confirmation of Chapter 13 Plan . (Dockery (TR), Kathy) (Entered: 03/30/2011) |
| 03/30/2011 | 20 | Request for courtesy Notice of Electronic Filing (NEF) Filed by M Jonathan Hayes on behalf of Courtesy NEF. (Hayes, M) (Entered: 03/30/2011) |
| 04/01/2011 | 21 | Application to Employ Klee, Tuchin, Bogdanoff & Stern LLP as Special Counsel *to the Debtors on a Pro Bono Basis in Connection with Certain Specified Matters* Filed by Debtor Gene Douglas Balas, Joint Debtor Carlos A. Morales (Attachments: # 1 Exhibit A - License & Certificate of Marriage# 2 Exhibit B - Feb. 23, 2011 Letter from Attorney General to Speaker# 3 Exhibit C - KTB&S Bios) (Pfister, Robert) (Entered: 04/01/2011) |
| 04/01/2011 | 22 | Notice of motion/application *pursuant to LBR 9013-1(o)* Filed by Debtor Gene Douglas Balas, Joint Debtor Carlos A. Morales (RE: related document(s) 21 Application to Employ Klee, Tuchin, Bogdanoff & Stern LLP as Special Counsel *to the Debtors on a Pro Bono Basis in Connection with Certain Specified Matters* Filed by Debtor Gene Douglas Balas, Joint Debtor Carlos A. Morales). (Pfister, Robert) (Entered: 04/01/2011) |
| 04/01/2011 | 23 | Proof of service Filed by Debtor Gene Douglas Balas, Joint Debtor Carlos A. Morales (RE: related document(s) 21 Application to Employ Klee, Tuchin, Bogdanoff & Stern LLP as Special Counsel *to the Debtors on a Pro Bono Basis in Connection with Certain Specified Matters*, 22 Notice of motion/application). (Pfister, Robert) (Entered: 04/01/2011) |
| 04/12/2011 | 24 | Notice of Hearing Filed by. (Dockery (TR), Kathy) (Entered: 04/12/2011) |
| 04/14/2011 | 25 | Declaration re: *Response to Objections to Plan Confirmation by the Standing Chapter 13 Trustee with proof of service* Filed by Debtor Gene Douglas Balas, Joint Debtor Carlos A. Morales (RE: related document(s) 19 Trustee's Objection to Confirmation of Plan (batch)). (Lively, Peter) (Entered: 04/14/2011) |

**PACER Service Center**

| Transaction Receipt | | | |
|---|---|---|---|
| 04/15/2011 13:21:41 | | | |
| **PACER Login:** | us7746 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:11-bk-17831-AA Fil or Ent: filed From: 1/14/2011 To: 4/15/2011 Doc From: 0 Doc To: 99999999 Term: included Format: html |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

# EXHIBIT 2

# EXHIBIT 2

Form B1 (Official Form 1) (04/10)   Case 2:11-bk-17831-AA   Doc 1   Filed 02/24/11   Entered 02/24/11 15:15 Central District of California

| United States Bankruptcy Court Central District of California | Page 1 of 20 | Voluntary Petition |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Balas, Gene Douglas** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Morales, Carlos A.** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Indvidual-Taxpayer I.D. (ITIN)/Complete EIN(if more than one, state all):   **XXXX-0140** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN(if more than one, state all):   **XXXX-8928** |
| Street Address of Debtor (No. & Street, City, and State):<br>**5702 Lindenhurst Ave.**<br>**Los Angeles, CA**                    ZIP CODE   **90036** | Street Address of Joint Debtor (No. & Street, City, and State):<br>**5702 Lindenhurst Ave.**<br>**Los Angeles, CA**                    ZIP CODE   **90036** |
| County of Residence or of the Principal Place of Business:<br>**Los Angeles** | County of Residence or of the Principal Place of Business:<br>**Los Angeles** |
| Mailing Address of Debtor (if different from street address):<br><br>                    ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br><br>                    ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>                    ZIP CODE | |

| **Type of Debtor**<br>(Form of Organization)<br>(Check one box.) | **Nature of Business**<br>(Check one box) | **Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box) |
|---|---|---|
| ☑ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)<br>_____ | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☐ Chapter 7  ☐ Chapter 11  ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9  ☐ Chapter 12<br>☑ Chapter 13  ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |
| | **Tax-Exempt Entity**<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code.) | **Nature of Debts**<br>(Check one box)<br>☑ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."      ☐ Debts are primarily business debts. |

| **Filing Fee** (Check one box) | **Chapter 11 Debtors** |
|---|---|
| ☑ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b) See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter)*.<br>Check all applicable boxes<br>☐ A plan is being filed with this petition<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | | | | | | | | | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|---|---|---|---|---|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | | | | | | | | | |

**Estimated Number of Creditors**

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

**Estimated Assets**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

**Estimated Liabilities**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Form B1 (Official Form 1) (1/08) Case 2:11-bk-17831-AA   Doc 1   Filed 02/24/11   Entered 02/24/11 10:55:13   Central District of California

| **Voluntary Petition** | Name of Debtor(s): | **FORM B1**, Page 2 |
|---|---|---|
| *(This page must be completed and filed in every case)* | Gene Douglas Balas, Carlos A. Morales | |

| Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where Filed: **USBC-New York** | Case Number:<br>**unknown** | Date Filed:<br>**01/01/1993** |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor:<br>**None** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐   Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual<br>whose debts are primarily consumer debts)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X  /s/, Peter M. Lively                                  **2/24/2011**<br>     Signature of Attorney for Debtor(s)            Date<br>     **Peter M. Lively, Esq**                              **162686** |

| **Exhibit C** | **Exhibit D** |
|---|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☐   Yes, and Exhibit C is attached and made a part of this petition.<br>☑   No | (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)<br><br>☑     Exhibit D completed and signed by the debtor is attached and made a part of this petition.<br>If this is a joint petition:<br><br>☑     Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

**Information Regarding the Debtor - Venue**
(Check any applicable box)

☑   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate. general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District. or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following).

(Name of landlord that obtained judgment)

(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

Form B1 (Official Form 1) (1/08)   Case 2:11-bk-17831-AA   Doc 1   Filed 02/24/11   Entered 02/24/11 11:55:19   Central District of California   FORM B1, Page 3

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): **Gene Douglas Balas, Carlos A. Morales** |
|---|---|

<table>
<tr><td colspan="2" align="center">**Signatures**</td></tr>
<tr>
<td>

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/, Gene Douglas Balas**
Signature of Debtor   **Gene Douglas Balas**

X **/s/, Carlos A. Morales**
Signature of Joint Debtor   **Carlos A. Morales**

Telephone Number (If not represented by attorney)

**2/24/2011**
Date

</td>
<td>

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐   I request relief in accordance with chapter 15 of Title 11, United States Code. Certified Copies of the documents required by § 1515 of title 11 are attached.

☐   Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the Chapter of title 11 specified in the petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X **Not Applicable**
(Signature of Foreign Representative)

(Printed Name of Foreign Representative)

Date

</td>
</tr>
<tr>
<td>

**Signature of Attorney**

X **/s/, Peter M. Lively**
Signature of Attorney for Debtor(s)

**Peter M. Lively, Esq**
Printed Name of Attorney for Debtor(s)

**Law Office of Peter M. Lively**
Firm Name

**11268 Washington Blvd., Suite 203 Culver City, California 90230**
Address

**(310) 391-2400**          **(310) 391-2462**
Telephone Number

**2/24/2011**          **162686**
Date          Bar Number

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

</td>
<td>

**Signature of Non-Attorney Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

**Not Applicable**
Printed Name and title, if any, of Bankruptcy Petition Preparer

Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

Address

X **Not Applicable**

Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

</td>
</tr>
<tr>
<td>

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **Not Applicable**
Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

Date

</td>
<td></td>
</tr>
</table>

Official Form 1- Exhibit D (Rev. 12/09) page 1                                              2009 USBC, Central District of California

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA | | |
|---|---|---|
| In re **Gene Douglas Balas** **Carlos A. Morales** | Debtors. | CHAPTER: 13 CASE NO.: |

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the **180 days before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

_____

_____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

Case 2:11-bk-17831-TD    Doc 29    Filed 04/15/11    Entered 04/15/11 15:25:10    Desc
Main Document      Page 14 of 95

Case 2:11-bk-17831-AA    Doc 1    Filed 02/24/11    Entered 02/24/11 11:51:01    Desc
Main Document      Page 5 of 20
Official Form 1- Exhibit D (Rev. 12/09) page 2                                    2009 USBC, Central District of California

❏  4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

❏  Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

❏  Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

❏  Active military duty in a military combat zone.

❏  5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. ' 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:  **/s/, Gene Douglas Balas**

Date:  **2/24/2011**

12

Certificate Number: 01267-CAC-CC-013970669

01267-CAC-CC-013970669

# CERTIFICATE OF COUNSELING

I CERTIFY that on February 23, 2011, at 2:42 o'clock PM CST, Gene D Balas received from Money Management International, Inc., an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the Central District of California, an individual [or group] briefing that complied with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan was not prepared. If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate.

This counseling session was conducted by internet and telephone.

Date:   February 23, 2011          By:    /s/Roger Redding

                                   Name:  Roger Redding

                                   Title: Counselor

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. *See* 11 U.S.C. §§ 109(h) and 521(b).

Official Form 1- Exhibit D (Rev. 12/09) page 1                                 2009 USBC, Central District of California

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| In re **Gene Douglas Balas** | CHAPTER: **13** |
| **Carlos A. Morales**                              Debtors. | CASE NO.: |

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑  1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐  2. Within the **180 days before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐  3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

_____

_____

_____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

Official Form 1- Exhibit D (Rev. 12/09) page 2                                                                          2009 USBC, Central District of California

❑  4. I am not required to receive a credit counseling briefing because of: *[Check the applicable
statement.] [Must be accompanied by a motion for determination by the court.]*

    ❑  Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or
mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial
responsibilities.);

    ❑  Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being
unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or
through the Internet.);

    ❑  Active military duty in a military combat zone.

❑  5. The United States trustee or bankruptcy administrator has determined that the credit counseling
requirement of 11 U.S.C. ' 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:  **/s/, Carlos A. Morales**

Date:  **2/24/2011**

15

Certificate Number: 01267-CAC-CC-013977056

01267-CAC-CC-013977056

## CERTIFICATE OF COUNSELING

I CERTIFY that on February 23, 2011, at 10:40 o'clock PM CST, Carlos A Morales received from Money Management International, Inc., an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the Central District of California, an individual [or group] briefing that complied with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan was not prepared. If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate.

This counseling session was conducted by internet and telephone.

Date:    February 23, 2011          By:    /s/Jesse Perez

Name:    Jesse Perez

Title:    Counselor 1

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. *See* 11 U.S.C. §§ 109(h) and 521(b).

**STATEMENT OF RELATED CASES**

## INFORMATION REQUIRED BY LOCAL BANKRUPTCY RULE 1015-2

## UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1. A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

### Chapter 7 Bankruptcy filed in Brooklyn, New York in or about 1993.

2. (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

**N/A**

3. (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

**N/A**

4. (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

**See No. 1 Above**

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at    **Culver City**    , California. **/s/, Gene Douglas Balas**

Debtor

Dated    **2/24/2011**    **/s/, Carlos A. Morales**

Joint Debtor

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009    **F 1015-2.1**

17

B 201 - Notice of Available Chapters (Rev. 12/08)                                    USBC, Central District of California

Name:     Peter M. Lively, Esq
Address:  Law Office of Peter M. Lively
          11268 Washington Blvd., Suite 203
          Culver City, California 90230

Telephone:    (310) 391-2400          Fax:    (310) 391-2462

☑  Attorney for Debtor

☐  Debtor In Pro Per

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| List all names including trade names, used by Debtor(s) within last 8 years: | Case No.: |
|---|---|
| **Gene Douglas Balas** **Carlos A. Morales** | **NOTICE OF AVAILABLE CHAPTERS**<br>(Notice to Individual Consumer Debtor Under § 342(b) of the Bankruptcy Code) |

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a joint case (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

### 1.  Services Available from Credit Counseling Agencies

With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis. The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge. The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

B 201 - Notice of Available Chapters (Rev. 12/08)                                        USBC, Central District of California

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors
### Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

2. Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)

1. Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

3. After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

B 201 - Notice of Available Chapters (Rev. 12/08)                                    USBC, Central District of California

## Certificate of Attorney

I hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

| | | |
|---|---|---|
| **Peter M. Lively, Esq** | **/s/, Peter M. Lively** | **2/24/2011** |
| Printed Name of Attorney | Signature of Attorney | Date |

Address:

**Law Office of Peter M. Lively**
**11268 Washington Blvd., Suite 203**
**Culver City, California 90230**

**(310) 391-2400**

## Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read this notice.

**Gene Douglas Balas**

| | | |
|---|---|---|
| **Carlos A. Morales** | **X/s/, Gene Douglas Balas** | **2/24/2011** |
| | **Gene Douglas Balas** | |
| Printed Name(s) of Debtor(s) | Signature of Debtor | Date |
| Case No. (if known) | **X/s/, Carlos A. Morales** | **2/24/2011** |
| | **Carlos A. Morales** | |
| | Signature of Joint Debtor | Date |

Form B203- Disclosure of Compensation of Attorney for Debtor- (1/88)                                                      1998 USBC, Central District of California

---

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re | Case No.: |
|---|---|
| **Gene Douglas Balas** | **DISCLOSURE OF COMPENSATION** |
| **Carlos A. Morales**                    Debtors. | **OF ATTORNEY FOR DEBTOR** |

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s)
   and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be
   paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in
   connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept                                            $ Hourly $425.00

   Prior to the filing of this statement I have received                                  $    4,644.00

   Balance Due                                                                            $ Hourly $425.00

2. The source of compensation paid to me was:

   ☑ Debtor              ☐ Other (specify)

3. The source of compensation to be paid to me is:

   ☐ Debtor              ☐ Other (specify)

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates
      of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of
      my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is
      attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case,
   including:

   a) Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file
      a petition in bankruptcy;

   b) Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;

   c) Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

   d) [Other provisions as needed]

      **None**

6. By agreement with the debtor(s) the above disclosed fee does not include the following services:

   **Adversary Proceedings**

Form B203- Disclosure of Compensation of Attorney for Debtor- (1/88)                                1998 USBC, Central District of California

| In re | **Gene Douglas Balas** | | Case No.: | |
| | **Carlos A. Morales** | Debtors. | | (If known) |

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**2/24/2011**                                      **/s/, Peter M. Lively**

*Date*                                             *Signature of Attorney*


                                                   **Law Office of Peter M. Lively**

                                                   *Name of Law Firm*

Verification of Creditor Mailing List - (Rev. 10/05)                    2003 USBC, Central District of California

## MASTER MAILING LIST

### Verification Pursuant to Local Bankruptcy Rule 1007-2(d)

Name      **Peter M. Lively, Esq**
Address   **Law Office of Peter M. Lively**
          **11268 Washington Blvd., Suite 203**
          **Culver City, California 90230**
Telephone **(310) 391-2400**

☑  Attorney for Debtor(s)
☐  Debtor In Pro Per

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| List all names including trade names, used by Debtor(s) within last 8 years:<br><br>**Gene Douglas Balas**<br><br>**Carlos A. Morales** | Case No.:<br><br>Chapter:      **13** |

## VERIFICATION OF CREDITOR MAILING LIST

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors, consisting of _____**4**_____ sheet(s) is complete, correct , and consistent with the debtor's schedules pursuant to Local Rule 1007-2(d) and I/we assume all responsibility for errors and omissions.

Date:    **2/24/2011**                          **/s/, Gene Douglas Balas**
                                                Gene Douglas Balas, Debtor

**/s/, Peter M. Lively**                         **/s/, Carlos A. Morales**
Peter M. Lively, Esq, Attorney *(if applicable)*   Carlos A. Morales, Joint Debtor

23

GENE DOUGLAS BALAS
5702 LINDENHURST AVE.
LOS ANGELES, CA 90036

CARLOS A. MORALES
5702 LINDENHURST AVE.
LOS ANGELES, CA 90036

PETER M. LIVELY, ESQ
LAW OFFICE OF PETER M. LIVELY
11268 WASHINGTON BLVD., SUITE 203
CULVER CITY, CALIFORNIA 90230

ACURA FINANCIAL SERVICES
P.O.BOX 600001
CITY OF INDUSTRY, CA 91716

BANK OF AMERICA
P.O. BOX 15026
WILMINGTON, DE 19850

BANK OF AMERICA
P.O. BOX 15026
WILMINGTON, DE 19850

BANK OF AMERICA
P.O. BOX 15026
WILMINGTON, DE 19850

BMW FINANCIAL SERVICES
P.O. BOX 3608
DUBLIN, OH 43016-0306

BMW FINANCIAL SERVICES
C/O VITAL RECOVERY SERVICES, INC.
P.O. BOX 923748
NORCROSS, GA 30010

CAPITAL ONE BANK
P.O. BOX 30285
SALT LAKE CITY, UT 84130

CARLOS MORALES

CEDARS-SINAI
P.O. BOX 512480
LOS ANGELES, CA 90051

CEDARS-SINAI
P.O. BOX 60109
LOS ANGELES, CA 90060

CHASE
P.O. BOX 15298
WILMINGTON, DE 19850

CHASE
P.O. BOX 15298
WILMINGTON, DE 19850

CHEVRON CREDIT BANK
P.O. BOX 5010
CONCORD, CA 94524

CITIBANK
P.O. BOX 26892
SAN FRANCISCO, CA 94126

CONSULTANTS FOR PATHOLOGY
4607 LAKEVIEW CANYON RD., SUITE 598
WESTLAKE VILLAGE, CA 91361

FRANCHISE TAX BOARD
ATTENTION: BANKRUPTCY
P.O. BOX 2952
SACRAMENTO, CA 95812

HSBC CARD SERVICES
C/O HUNT & HENRIQUES
151 BERNAL ROAD, SUITE 8
SAN JOSE, CA 95119

HSBC CARD SERVICES
HUNT & HENRIQUES
151 BERNAL ROAD, SUITE 8
SAN JOSE, CA 95119

HSBC CARD SERVICES
P.O. BOX 81622
SALINAS, CA 93912

HSBC CARD SERVICES
C/O NCO FINANCIAL SYSTEMS
P.O. BOX 15372
WILMINGTON, DE 19850

INTERNAL REVENUE SERVICE
P.O. BOX 21126
PHILADELPHIA, PA 19114

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATION
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

MD PERIODONTICS
A. MOSHREFI, DDS MS & N. DANESHMAND
9735 WILSHIRE BLVD., SUITE 211
BEVERLY HILLS, CA 90212

PARK LA BREA
6200 W. THIRD STREET
LOS ANGELES, CA 90036

SALLIE MAE
P.O. BOX 9533
WILKES-BARRE, PA 187773-9533

## United States Bankruptcy Court
## Central District Of California

| | |
|---|---|
| In re:<br>Gene Douglas Baias<br>Carlos A. Morales | CHAPTER NO.: 13 |
| | CASE NO.: 2:11-bk-17831-AA |

## ORDER TO COMPLY WITH BANKRUPTCY RULE 1007 and 3015(b) AND NOTICE OF INTENT TO DISMISS CASE

**To Debtor and Debtor's Attorney of Record,**

YOU FAILED TO FILE THE FOLLOWING DOCUMENTS:

**Schedule B**
**Schedule C**
**Schedule D**
**Schedule E**
**Schedule F**
**Schedule A**
**Schedule G**
**Statement – Form 22C**
**Schedule H**
**Schedule I**
**Schedule J**
**Stmt. of Fin. Affairs**
**Chapter 13 Plan**

**Even if the indicated documents are not applicable to your particular situation, they must still be filed with the notation 'None' marked thereon.**

According to Bankruptcy Rules 1007(c) and 3015(b), within 14 days after you filed the petition, **YOU MUST EITHER:**

(1)   File the required documents. If the document is filed electronically, no hard copy need to be submitted to the court. (See Local Bankruptcy Rule 5005-2(d) and Court Manual, Appendix "F" as to whether a copy must be served on the judge.)

**OR**

(2)   File and serve a motion for an order extending the time to file the required document(s). If you make such a motion and it is denied after the 14 days have expired, your case will be dismissed.

**IF YOU DO NOT COMPLY** in a timely manner with either of the above alternatives, the court **WILL DISMISS YOUR CASE WITHOUT FURTHER NOTICE.**

**BY ORDER OF THE COURT**

**KATHLEEN J. CAMPBELL, CLERK OF COURT**

Dated: February 24, 2011

**By: Terry Goins**
**Deputy Clerk**

deforco – Revised 12/2010

1 /

Form B6 - Summary (12/07)                                    2007 USBC, Central District of California

## United States Bankruptcy Court

## Central District of California

| In re **Gene Douglas Balas** | Case No.: **2:11-bk-17831-AA** |
|---|---|
| **Carlos A. Morales**                          Debtors. | (if known) |

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

|  | NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|---|
| A - | Real Property | YES | 1 | $            0.00 | | |
| B - | Personal Property | YES | 3 | $      33,273.47 | | |
| C - | Property Claimed as Exempt | YES | 1 | | | |
| D - | Creditors Holding Secured Claims | YES | 1 | | $            0.00 | |
| E - | Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 3 | | $      47,036.75 | |
| F - | Creditors Holding Unsecured Nonpriority Claims | YES | 6 | | $    133,708.53 | |
| G - | Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - | Codebtors | YES | 1 | | | |
| I - | Current Income of Individual Debtor(s) | YES | 2 | | | $      7,854.23 |
| J - | Current Expenditures of Individual Debtor(s) | YES | 1 | | | $      7,339.75 |
| | | TOTAL | 20 | $      33,273.47 | $    180,745.28 | |

Official Form B6 - Statistical Summary (12/07)                                                2007 USBC, Central District of California

| UNITED STATES BANKRUPTCY COURT |
| --- |
| CENTRAL DISTRICT OF CALIFORNIA |

| | | CHAPTER: **13** |
| --- | --- | --- |
| In re **Gene Douglas Balas** | | CASE NO.: **2:11-bk-17831-AA** |
| **Carlos A. Morales** | Debtor(s). | |

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

This information is for statistical purposes only under 28 U.S.C. § 159.

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
| --- | --- |
| Domestic Support Obligations (from Schedule E) | $ 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ 47,036.75 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ 0.00 |
| Student Loan Obligations (from Schedule F) | $ 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E. | $ 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ 0.00 |
| TOTAL | $ 47,036.75 |

State the following:

| | |
| --- | --- |
| Average Income (from Schedule I, Line 16) | $ 7,854.23 |
| Average Expenses (from Schedule J, Line 18) | $ 7,339.75 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | $ 10,192.05 |

State the following:

| | | |
| --- | --- | --- |
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ 0.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ 47,036.75 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ 0.00 |
| 4. Total from Schedule F | | $ 133,708.53 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ 133,708.53 |

Form B6A - (12/07)                                                          2007 USBC, Central District of California

| In re | **Gene Douglas Balas** | | Case No.: | |
|---|---|---|---|---|
| | **Carlos A. Morales** | Debtors. | **2:11-bk-17831-AA** | (If known) |

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **None** | | | **$      0.00** | **$      0.00** |

Total   ➤   **$     0.00**

(Report also on Summary of Schedules.)

Form B6B - (12/07)                                                    2007 USBC, Central District of California

| In re  **Gene Douglas Balas** | Case No.: | |
|---|---|---|
| **Carlos A. Morales**  Debtors. | **2:11-bk-17831-AA** | (If known) |

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.Cash on hand | | **Cash on Hand** | C | 30.00 |
| 2.Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Certified Management Account**  **No. XXXX-4X72**  **(Merrill Lynch)**  **(estimated balance)** | C | 0.00 |
| Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Citibank**  **Joint Checking Account**  **No. XXXX-1230**  **(estimated balance)** | C | 500.00 |
| 3.Security deposits with public utilities, telephone companies, landlords, and others. | | **Security deposit with landlord on 06/01/2006** | C | 1,000.00 |
| 4.Household goods and furnishings, including audio, video, and computer equipment. | | **Household Goods** | C | 2,500.00 |
| 5.Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.Wearing apparel. | | **Wearing Apparel** | C | 200.00 |
| 7.Furs and jewelry. | X | | | |
| 8.Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **Term Life Insurance Policy**  **No. XXXX-5963**  **(MetLife)** | C | 0.00 |
| Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **Universal Life Insurance Policy**  **No. XXXX-7814**  **(Thrivent Financial for Lutherans)**  **\* Loan value exhausted** | C | 0.00 |
| 10.Annuities.  Itemize and name each issuer. | X | | | |
| 11.Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1).Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | X | | | |
| 12.Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **401(k) Retirement Savings Plan (Joint Debtor)** | C | 26,973.47 |
| | | | | |

Form B6B - (12/07)                                                    2007 USBC, Central District of California

| In re  **Gene Douglas Balas** | Case No.: | |
|---|---|---|
| **Carlos A. Morales**       Debtors. | **2:11-bk-17831-AA** | (If known) |

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12.Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **Retirement Account No. XXXX-5J06 (Merrill Lynch) (estimated balance)** | C | 75.00 |
| 13.Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14.Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15.Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16.Accounts receivable. | X | | | |
| 17.Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18.Other liquidated debts owed to debtor including tax refunds. Give particulars. | | **2010 Federal Income Tax Refund (Joint Debtor)** | C | 1,909.00 |
| Other liquidated debts owed to debtor including tax refunds. Give particulars. | | **2010 State of California Income Tax Refund** | C | 86.00 |
| 19.Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20.Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21.Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22.Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23.Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25.Automobiles, trucks, trailers, and other vehicles and accessories. | | **2010 Ford Fusion SE Sedan 4D; 17k miles (Purchase Agreement)**<br><br>**\* Vehicle in Mother's name but Debtor holds and makes payments directly to lender (Amount of Claim  \$15,000.00)** | C | 0.00 |

Form B6B - (12/07)                                                    2007 USBC, Central District of California

| In re  **Gene Douglas Balas** | | Case No.: | |
|---|---|---|---|
| **Carlos A. Morales** | Debtors. | **2:11-bk-17831-AA** | (If known) |

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 26.Boats, motors, and accessories. | X | | | |
| 27.Aircraft and accessories. | X | | | |
| 28.Office equipment, furnishings, and supplies. | X | | | |
| 29.Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30.Inventory. | X | | | |
| 31.Animals. | X | | | |
| 32.Crops - growing or harvested.  Give particulars. | X | | | |
| 33.Farming equipment and implements. | X | | | |
| 34.Farm supplies, chemicals, and feed. | X | | | |
| 35.Other personal property of any kind not already listed.  Itemize. | X | | | |

_____2_____ continuation sheets attached                                   $  33,273.47

(Include amounts from any continuation sheets
attached. Report total also on Summary of
Schedules.)

34

Form B6C - (4/10)                                                          2010 USBC, Central District of California

| In re | **Gene Douglas Balas** | Case No.: | |
|-------|------------------------|-----------|---|
|       | **Carlos A. Morales**  | Debtors. | **2:11-bk-17831-AA** (If known) |

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:      ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                       $146,450.*

☐ 11 U.S.C. § 522(b)(2)

☑ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| 2010 Federal Income Tax Refund (Joint Debtor) | C.C.P. § 703.140(b)(5) or 100% of fair market value | 1,909.00 | 1,909.00 |
| 401(k) Retirement Savings Plan (Joint Debtor) | 11 USC § 522(b)(2)(c) | 0.00 | 26,973.47 |
|  | C.C.P. § 703.140(b)(10)(E) or 100% of fair market value | 26,973.47 | |
| Cash on Hand | C.C.P. § 703.140(b)(5) or 100% of fair market value | 30.00 | 30.00 |
| Citibank Joint Checking Account No. XXXX-1230 (estimated balance) | C.C.P. § 703.140(b)(5) or 100% of fair market value | 500.00 | 500.00 |
| Household Goods | C.C.P. § 703.140(b)(3) or 100% of fair market value | 2,500.00 | 2,500.00 |
| Retirement Account No. XXXX-5J06 (Merrill Lynch) (estimated balance) | C.C.P. § 703.140(b)(5) or 100% of fair market value | 75.00 | 75.00 |
| Security deposit with landlord on 06/01/2006 | C.C.P. § 703.140(b)(5) or 100% of fair market value | 1,000.00 | 1,000.00 |
| Wearing Apparel | C.C.P. § 703.140(b)(3) or 100% of fair market value | 200.00 | 200.00 |

*Amount subject to adjustment on 4/1/13 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

Form B6D - (12/07)                                                                2007 USBC, Central District of California

| In re | **Gene Douglas Balas** | | Case No.: | |
|---|---|---|---|---|
| | **Carlos A. Morales** | Debtors. | **2:11-bk-17831-AA** | (If known) |

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☑  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See Instructions Above)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Last four digits of ACCOUNT NO. | | | Value | | | | | |

<u>0</u> continuation sheets attached

|  | | Subtotal (Total of this page) ➤ | $ 0.00 | $ 0.00 |
|---|---|---|---|---|
|  | | Total (Use only on last page) ➤ | $ 0.00 | $ 0.00 |
|  | | | (Report total also on Summary of Schedules) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |



Form B6E- (Rev. 04/10)                                                    2010 USBC, Central District of California

| In re | Gene Douglas Balas | | Case No.: | |
|-------|--------------------|--|-----------|--|
| | Carlos A. Morales | Debtors. | 2:11-bk-17831-AA | (If known) |

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

❑   Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

❑   **Domestic Support Obligations:** Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

❑   **Extensions of credit in an involuntary case:** Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

❑   **Wages, salaries, and commissions:** Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

❑   **Contributions to employee benefit plans:** Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

❑   **Certain farmers and fishermen:** Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

❑   **Deposits by individuals:** Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☑   **Taxes and Certain Other Debts Owed to Governmental Units:** Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

❑   **Commitments to Maintain the Capital of an Insured Depository Institution:** Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

❑   **Claims for Death or Personal Injury While Debtor Was Intoxicated:** Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

2 continuation sheets attached

Form B6E- (Rev. 04/10)                                                    2010 USBC, Central District of California

| In re | Gene Douglas Balas | Case No.: | |
|-------|--------------------|-----------| |
| | Carlos A. Morales | Debtors | 2:11-bk-17831-AA   (If known) |

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

### Taxes and Certain Other Debts Owed to Governmental Units
### Type of Priority for Claims Listed on This Sheet

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Last four digits of ACCOUNT NO. **XXXX-0140** <br> **Franchise Tax Board** <br> **Attention: Bankruptcy** <br> **P.O. Box 2952** <br> **Sacramento, CA 95812** | | C | 04/16/2009 <br> State of California <br> Income Tax Liability for <br> 2008 (Joint Return Filed) <br><br> * Claim amount taken <br> from return and <br> estimated at 25% <br> penalty and interest | | | | 1,091.25 | 1,091.25 | $0.00 |
| Last four digits of ACCOUNT NO. **XXXX-0140** <br> **Franchise Tax Board** <br> **Attention: Bankruptcy** <br> **P.O. Box 2952** <br> **Sacramento, CA 95812** | | C | 04/16/2010 <br> State of California <br> Income Tax Liability for <br> 2009 (Joint Return Filed) <br><br> * Claim amount taken <br> from return and <br> estimated at 25% <br> penalty and interest | | | | 7,403.75 | 7,403.75 | $0.00 |
| Last four digits of ACCOUNT NO. **XXXX-8928** <br> **Internal Revenue Service** <br> **Centralized Insolvency Operation** <br> **P.O. Box 7346** <br> **Philadelphia, PA 19101-7346** | | C | 04/16/2011 <br> Federal Income Tax <br> Liability for 2010 (Joint <br> Debtor) <br><br> * Claim amount taken <br> from return and <br> estimated at 10% <br> penalty and interest | | | | 1,008.70 | 1,008.70 | $0.00 |

Sheet no. _1_ of _2_ continuation sheets attached to Schedule of
Creditors Holding Priority Claims

Subtotals ▸
(Totals of this page)

| $ | 9,503.70 | $ | 9,503.70 | $ | 0.00 |
|---|----------|---|----------|---|------|

Total ▸
(Use only on last page of the completed
Schedule E. Report also on the Summary of
Schedules.)

| $ | | |
|---|---|---|

Total ▸
(Use only on last page of the completed
Schedule E. If applicable, report also on the
Statistical Summary of Certain Liabilities
and Related Data. )

| | | $ | | $ | |
|---|---|---|---|---|---|

Form B6E- (Rev. 04/10)                                                    2010 USBC, Central District of California

| In re | Gene Douglas Balas | | Case No.: | |
|---|---|---|---|---|
| | Carlos A. Morales | Debtors. | 2:11-bk-17831-AA | (If known) |

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)

Taxes and Other Debts Owed to Governmental Units

Type of Priority for Claims Listed on This Sheet

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Last four digits of ACCOUNT NO. XXXX-0140<br>Internal Revenue Service<br>Centralized Insolvency Operation<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | | C | 04/16/2011<br>Federal Income Tax Liability for 2010 (Debtor)<br><br>* Claim amount taken from return and estimated at 10% penalty and interest | | | | 10,299.30 | 10,299.30 | $0.00 |
| Last four digits of ACCOUNT NO. XXXX-0140<br>Internal Revenue Service<br>Centralized Insolvency Operation<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | | C | 04/16/2010<br>Federal Income Tax Liability for 2009 (Debtor)<br><br>* Claim amount taken from return and estimated at 25% penalty and interest | | | | 27,233.75 | 27,233.75 | $0.00 |

Sheet no. 2 of 2 continuation sheets attached to Schedule of
Creditors Holding Priority Claims

| | | | |
|---|---|---|---|
| Subtotals ➤ (Totals of this page) | $ 37,533.05 | $ 37,533.05 | $ 0.00 |
| Total ➤ (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | $ 47,036.75 | | |
| Total ➤ (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data. ) | | $ 47,036.75 | $ 0.00 |

Form B6F (Official Form 6F) - (Rev. 12/07)                                                    2007 USBC, Central District of California

| In re | Gene Douglas Balas | | Case No.: | |
|---|---|---|---|---|
| | Carlos A. Morales | Debtors. | 2:11-bk-17831-AA | (If known) |

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Last four digits of ACCOUNT NO.   XXXX-7433<br>Acura Financial Services<br>P.O.Box 600001<br>City of Industry, CA 91716 | | C | Deficiency balance on a 2006 Acura TL 3.2 Sedan 4D | | | | 2,901.02 |
| Last four digits of ACCOUNT NO.   XXXX-7485<br>Bank of America<br>P.O. Box 15026<br>Wilmington, DE 19850 | | C | Credit Card | | | | 12,855.00 |
| Last four digits of ACCOUNT NO.   XXXX-2247<br>Bank of America<br>P.O. Box 15026<br>Wilmington, DE 19850 | | C | Credit Card<br><br>09/2007 - 05/2010 | | | | 10,000.00 |
| Last four digits of ACCOUNT NO.   XXXX-8397<br>Bank of America<br>P.O. Box 15026<br>Wilmington, DE 19850 | | C | Credit Card<br><br>09/2007 - 04/2010 | | | | 7,709.53 |

5   Continuation sheets attached

Subtotal ➤  $  33,465.55

Total ➤  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the
Statistical Summary of Certain Liabilities and Related Data.)

Form B6F (Official Form 6F) - (Rev. 12/07)                                    2007 USBC, Central District of California

| In re | Gene Douglas Balas | Case No.: | |
|---|---|---|---|
| | Carlos A. Morales | Debtors. | 2:11-bk-17831-AA | (If known) |

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Last four digits of ACCOUNT NO. XXXX-7452 <br> BMW Financial Services <br> P.O. Box 3608 <br> Dublin, OH 43016-0306 <br><br> BMW Financial Services <br> c/o Vital Recovery Services, Inc. <br> P.O. Box 923748 <br> Norcross, GA 30010 | | C | Deficiency balance on a 2006 BMW 3 Series 330Ci Convertible 2D | | | | 1,474.88 |
| Last four digits of ACCOUNT NO. XXXX-5228 <br> Capital One Bank <br> P.O. Box 30285 <br> Salt Lake City, UT 84130 | | C | Credit Card | | | | 3,481.00 |
| Last four digits of ACCOUNT NO. XXXX-8600 <br> Capital One Bank <br> P.O. Box 30285 <br> Salt Lake City, UT 84130 | | C | Credit Card <br><br> 04/2002 - 04/2010 | | | | 12,217.05 |
| Last four digits of ACCOUNT NO. XXXX-6610 <br> Cedars Sinai <br> P.O. Box 512480 <br> Los Angeles, CA 90051 <br><br> Cedars Sinai <br> c/o Designed Receivable Solutions <br> 1 Centerpointe Drive, Suite 450 <br> La Palma, CA 90623 | | C | 04/20/2010 <br> Medical Services | | | | 70.83 |

Sheet no. 1 of 5 continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal >     $     17,243.76

Total >     $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the
Statistical Summary of Certain Liabilities and Related Data.)

Form B6F (Official Form 6F) - (Rev. 12/07)                                                                      2007 USBC, Central District of California

| In re | Gene Douglas Balas | | Case No.: | |
|---|---|---|---|---|
| | Carlos A. Morales | Debtors. | **2:11-bk-17831-AA** | (If known) |

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Last four digits of ACCOUNT NO.   **XXXX-7591** <br> Cedars-Sinai <br> P.O. Box 60109 <br> Los Angeles, CA 90060 | | C | Medical Services | | | | 260.15 |
| Last four digits of ACCOUNT NO.   **XXXX-2489** <br> Cedars-Sinai <br> P.O. Box 512480 <br> Los Angeles, CA 90051 | | C | Medical Services | | | | 365.96 |
| Last four digits of ACCOUNT NO.   **XXXX-9664** <br> Chase <br> P.O. Box 15298 <br> Wilmington, DE 19850 <br><br> Chase <br> c/o Redline Recovery <br> 11675 Rainwater Dr., #350 <br> Alpharetta, GA 30009 <br><br> Equable Ascent Financial <br> c/o Redline Recovery <br> 11675 Rainwater Dr., #350 <br> Alpharetta, GA 30009 | | C | Credit Card | | | | 2,060.11 |

Sheet no.  2 of 5 continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal >   $   **2,686.22**

Total >   $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the
Statistical Summary of Certain Liabilities and Related Data.)

Form B6F (Official Form 6F) - (Rev. 12/07)                                    2007 USBC, Central District of California

| In re | Gene Douglas Balas | | Case No.: | |
|---|---|---|---|---|
| | Carlos A. Morales | Debtors. | 2:11-bk-17831-AA | (If known) |

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Last four digits of ACCOUNT NO. **XXXX-7151**<br>**Chase**<br>P.O. Box 15298<br>Wilmington, DE 19850<br><br>Chase<br>c/o Weltman, Weinberg & Reis Co.<br>323 W. Lakeside Ave., Suite 200<br>Cleveland, OH 44113 | | C | Credit Card<br><br>01/1998 - 03/2010 | | | | 5,430.32 |
| Last four digits of ACCOUNT NO. **XXXX-8521**<br>**Chevron Credit Bank**<br>P.O. Box 5010<br>Concord, CA 94524 | | C | Credit Card<br><br>03/2007 - 03/2010 | | | | 607.00 |
| Last four digits of ACCOUNT NO. **XXXX-3595**<br>**Citibank**<br>P.O. Box 26892<br>San Francisco, CA 94126 | | C | Credit Card<br><br>10/2002 - 04/2010 | | | | 9,599.00 |
| Last four digits of ACCOUNT NO. **XXXX-0583**<br>**Citibank**<br>P.O. Box 26892<br>San Francisco, CA 94126 | | C | Line of Credit | | | | 9,913.39 |

Sheet no. _3_ of _5_ continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal ▷ $ 25,549.71

Total ▷ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the
Statistical Summary of Certain Liabilities and Related Data.)

Form B6F (Official Form 6F) - (Rev. 12/07)                                    2007 USBC, Central District of California

| In re | Gene Douglas Balas | | Case No.: | |
|---|---|---|---|---|
| | Carlos A. Morales | Debtors. | 2:11-bk-17831-AA | (If known) |

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Last four digits of ACCOUNT NO   XXXX-4418<br>Citibank<br>P.O. Box 26892<br>San Francisco, CA 94126 | | C | Credit Card | | | | 16,549.11 |
| Last four digits of ACCOUNT NO   XXXX-6534<br>Consultants for Pathology<br>4607 Lakeview Canyon Rd., Suite 598<br>Westlake Village, CA 91361 | | C | Medical Services | | | | 79.63 |
| Last four digits of ACCOUNT NO   XXXX-9904<br>HSBC Card Services<br>P.O. Box 81622<br>Salinas, CA 93912 | | C | Credit Card<br><br>11/2002 - 02/2010 | | | | 1,321.00 |
| Last four digits of ACCOUNT NO   XXXX-6350<br>HSBC Card Services<br>P.O. Box 81622<br>Salinas, CA 93912<br><br>HSBC Card Services<br>Hunt & Henriques<br>151 Bernal Road, Suite 8<br>San Jose, CA 95119 | | C | Credit Card / Lawsuit<br><br>06/2000 - 03/2010 | | | | 3,522.59 |

Sheet no.  4  of  5  continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal >   $   21,472.33

Total >   $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the
Statistical Summary of Certain Liabilities and Related Data.)

Form B6F (Official Form 6F) - (Rev. 12/07)                                                              2007 USBC, Central District of California

| In re | **Gene Douglas Balas** | | Case No.: | |
|---|---|---|---|---|
| | **Carlos A. Morales** | Debtors. | **2:11-bk-17831-AA** | (If known) |

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Last four digits of ACCOUNT NO. **XXXX-6154**<br>**HSBC Card Services**<br>**P.O. Box 81622**<br>**Salinas, CA 93912**<br><br>**HSBC Card Services**<br>**c/o NCO Financial Systems**<br>**P.O. Box 15372**<br>**Wilmington, DE 19850** | | C | **Credit Card** | | | | 890.10 |
| Last four digits of ACCOUNT NO. **XXXX-4990**<br>**HSBC Card Services**<br>**P.O. Box 81622**<br>**Salinas, CA 93912**<br><br>**HSBC Card Services**<br>**c/o Hunt & Henriques**<br>**151 Bernal Road, Suite 8**<br>**San Jose, CA 95119** | | C | **Credit Card / Lawsuit**<br><br>**11/1998 - 04/2010** | | | | 1,282.84 |
| Last four digits of ACCOUNT NO. **XXXX-0714**<br>**MD Periodontics**<br>**A. Moshrefi, DDS MS & N. Daneshmand**<br>**9735 Wilshire Blvd., Suite 211**<br>**Beverly Hills, CA 90212** | | C | **Dental Services** | | | | 3,059.63 |
| Last four digits of ACCOUNT NO. **XXXX-9874**<br>**Sallie Mae**<br>**P.O. Box 9533**<br>**Wilkes-Barre, PA 187773-9533** | | C | **Student Loan** | | | | 28,058.39 |

Sheet no. 5 of 5 continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal ▸ | $ | 33,290.96

Total ▸ | $ | 133,708.53

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the
Statistical Summary of Certain Liabilities and Related Data.)

Form B6G - (12/07)                                                                              2007 USBC, Central District of California

| In re | **Gene Douglas Balas** | | Case No.: | |
| | **Carlos A. Morales** | Debtors. | **2:11-bk-17831-AA** | (If known) |

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
| --- | --- |
| | |

Form B6H - (12/07)                                                    2007 USBC, Central District of California

| In re | **Gene Douglas Balas** | | Case No.: | |
| | **Carlos A. Morales** | Debtors. | **2:11-bk-17831-AA** | (If known) |

# SCHEDULE H - CODEBTORS

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
| --- | --- |

Form B6I  - (Rev. 12/07)                                                                    2007 USBC, Central District of California

| In re  **Gene Douglas Balas** | | Case No.: | |
|---|---|---|---|
| **Carlos A. Morales** | Debtors. | **2:11-bk-17831-AA** | (If known) |

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status:    Married | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| | RELATIONSHIP(S) | | AGE(S) |
| | | | |

| Employment: | DEBTOR | SPOUSE | |
|---|---|---|---|
| Occupation | Writer | Graphic Designer | |
| Name of Employer | Self-Employed | Payden & Rygel | |
| How long employed | 8 months | 3 years | |
| Address of Employer | (Residence)<br>5702 Lindenhurst Ave.<br>Los Angeles, CA 90036 | 333 South Grand Ave., Suite 3250<br>Los Angeles, CA 90071 | |

**INCOME:** (Estimate of average or projected monthly income at time case filed)

| | | DEBTOR | SPOUSE |
|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | | $ 0.00 | $ 5,166.66 |
| 2. Estimate monthly overtime | | $ 0.00 | $ 0.00 |
| 3. SUBTOTAL | | $ 0.00 | $ 5,166.66 |
| 4. LESS PAYROLL DEDUCTIONS | | | |
| a. Payroll taxes and social security | | $ 0.00 | $ 929.86 |
| b. Insurance | | $ 0.00 | $ 0.00 |
| c. Union dues | | $ 0.00 | $ 0.00 |
| d. Other (Specify) | 401k Contribution | $ 0.00 | $ 258.34 |
| | 401k Loan | $ 0.00 | $ 181.98 |
| | Disability Insurance | $ 0.00 | $ 72.46 |
| | Group Insurance (health) | $ 0.00 | $ 420.68 |
| | Health Insurance | $ 0.00 | $ 26.86 |
| | Medical Care | $ 0.00 | $ 400.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | | $ 0.00 | $ 2,290.18 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | | $ 0.00 | $ 2,876.48 |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | | $ 4,500.00 | $ 0.00 |
| 8. Income from real property | | $ 0.00 | $ 0.00 |
| 9. Interest and dividends | | $ 0.00 | $ 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | | $ 0.00 | $ 0.00 |
| 11. Social security or other government assistance (Specify) | | $ 0.00 | $ 0.00 |
| 12. Pension or retirement income | | $ 0.00 | $ 0.00 |
| 13. Other monthly income | | | |

Case 2:11-bk-17831-AA  Doc 9  Filed 03/09/11  Entered 03/09/11 17:01:27  Desc
Main Document  Page 21 of 42

Form B6I  - (Rev. 12/07)                                                                    2007 USBC, Central District of California

| In re | **Gene Douglas Balas** | | Case No.: | |
|---|---|---|---|---|
| | **Carlos A. Morales** | Debtors. | **2:11-bk-17831-AA** | (If known) |

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

| | | | |
|---|---|---|---|
| *(Specify)* **Medical Expense Reimbursement** | $ | 0.00 | $ | 320.16 |
| **Medical Reimbursement** | $ | 0.00 | $ | 157.59 |
| 14. **SUBTOTAL OF LINES 7 THROUGH 13** | $ | 4,500.00 | $ | 477.75 |
| 15. **AVERAGE MONTHLY INCOME** (Add amounts shown on lines 6 and 14) | $ | 4,500.00 | $ | 3,354.23 |
| 16. **COMBINED AVERAGE MONTHLY INCOME:** (Combine column totals from line 15) | | $ 7,854.23 | | |

(Report also on Summary of Schedules and, if applicable, on
Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document.:
**None Anticipated**

| Client: Gene Balas | |
|---|---|
| | **Projection** |
| **Gross Earning** | $4,500.00 |
| **Expenses:** | |
| Data Processing | $80.00 |
| Business License/City Tax | $40.00 |
| Tax Deposits | $810.00 |
| News Subscriptions | $80.00 |
| Telephone/Internet | $120.00 |
| Utilities | $10.00 |
| | |
| | |
| | |
| **Total Expenses:** | $1,140.00 |
| **Net Income:** | $3,360.00 |

Form B6J - (Rev. 12/07)                                                                                    2007 USBC, Central District of California

| In re   **Gene Douglas Balas** | Case No.: | |
|---|---|---|
| **Carlos A. Morales** | Debtors. | **2:11-bk-17831-AA** | (If known) |

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 2,365.00 |
| a. Are real estate taxes included?    Yes  ✓    No | | |
| b. Is property insurance included?    Yes  ✓    No | | |
| 2. Utilities: a. Electricity and heating fuel | $ | 40.00 |
| b. Water and sewer | $ | 20.00 |
| c. Telephone | $ | 55.00 |
| d. Other **Cable, Internet & Cell Phone** | $ | 155.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 0.00 |
| 4. Food | $ | 670.00 |
| 5. Clothing | $ | 50.00 |
| 6. Laundry and dry cleaning | $ | 50.00 |
| 7. Medical and dental expenses | $ | 1,397.75 |
| 8. Transportation (not including car payments) | $ | 250.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 50.00 |
| 10. Charitable contributions | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | $ | 50.00 |
| b. Life | $ | 367.00 |
| c. Health | $ | 0.00 |
| d. Auto | $ | 175.00 |
| e. Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | $ | 380.00 |
| b. Other | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 1,140.00 |
| 17. Other **Personal Care** | $ | 75.00 |
| **Pet Expenses** | $ | 50.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 7,339.75 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:
**Anticipate rent will decrease as of 06/01/2011 after end of residential lease in May 2011.**

**\* 401k loan ends 01/31/2015**

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
| a. Average monthly income from Line 15 of Schedule I | $ | 7,854.23 |
| b. Average monthly expenses from Line 18 above | $ | 7,339.75 |
| c. Monthly net income (a. minus b.) | $ | 514.48 |

Form B6 - Declaration(Rev. 12/07)                                    2007 USBC, Central District of California

| In re | Gene Douglas Balas | Case No.: |
| | Carlos A. Morales | 2:11-bk-17831-AA |
| | | Debtors. (If known) |

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of     22
sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date:  3/9/2011                          Signature:  /s/, Gene Douglas Balas
                                                     Gene Douglas Balas
                                                                    Debtor

Date:  3/9/2011                          Signature:  /s/, Carlos A. Morales
                                                     Carlos A. Morales
                                                          (Joint Debtor, if any)

                                         [If joint case, both spouses must sign]

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

(NOT APPLICABLE)

_Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571._

Statement of Financial Affairs (Form 7) - Page 1 - (Rev. 4/10)                                    2010 USBC, Central District of California

**UNITED STATES BANKRUPTCY COURT**
**Central District of California**

| In re | **Gene Douglas Balas** | | Case No.: | **2:11-bk-17831-AA** | |
| | **Carlos A. Morales** | Debtors. | **2:11-bk-17831-AA** | | (If known) |

# STATEMENT OF FINANCIAL AFFAIRS

### 1. Income from employment or operation of business

None ☐   State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
| --- | --- | --- |
| 11,667.00 | **Business (Debtor)** | **2009** |
| 50,026.00 | **Employment (Debtor)** | **2009** |
| 56,858.00 | **Employment (Joint Debtor)** | **2009** |
| 38,514.00 | **Employment (Joint Debtor)** | **2010** |
| 45,565.00 | **Business (Debtor)** | **2010** |
| 10,333.32 | **Employment (Debtor)** (year-to-date) | **2011** |
| 3,250.00 | **Business (Debtor)** (year-to-date) | **2011** |

### 2. Income other than from employment or operation of business

None ☐   State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
| --- | --- | --- |
| 12,194.29 | **State Disability Insurance** | **2009 - 2010** |
| 23,250.00 | **Unemployment Income Benefits (Debtor)** | **2009 - 2010** |

Statement of Financial Affairs (Form 7) - Page 2 - (Rev. 4/10)                    2010 USBC, Central District of California

## 3.  Payments to creditors

*Complete a. or b., as appropriate, and c.*

None  a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or
☑      services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless
        the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk
        (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative
        repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing
        under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed,
        unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None  b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90**
☑      **days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is
        affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that
        were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under
        a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter
        13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the
        spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

*\*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the
date of adjustment.*

None  c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the
☑      benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments
        by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is
        not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

## 4.  Suits and administrative proceedings, executions, garnishments and attachments

None  a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding
☐      the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning
        either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is
        not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATIO | STATUS OR DISPOSITION |
|---|---|---|---|
| **HSBC Bank Nevada, N.A. vs. Gene Balas** **10K21272** | Civil / Complaint | **Superior Court of California** **Stanley Mosk Courthouse** **Los Angeles County** | Pending |
| **HSBC Bank Nevada, N.A. as Successor in Interest to Direct Merchants Credit Card Bank, N.A. vs. Gene D. Balas** **10K21350** | Civil / Complaint | **Superior Court of California** **Stanley Mosk Courthouse** **Los Angeles County** | Pending |

54

Statement of Financial Affairs (Form 7) - Page 3 - (Rev. 4/10)                    2010 USBC, Central District of California

None  b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year**
☑    immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include
     information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are
     separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 5. Repossessions, foreclosures and returns

None  List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of
☐    foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married
     debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses
     whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Acura Financial Services P.O.Box 600001 City of Industry, CA 91716** | **05/21/2010** | **2006 Acura TL 3.2 Sedan 4D $15,000** |
| **BMW Financial Services P.O. Box 3608 Dublin, OH 43016-0306** | **06/01/2009** | **2006 BMW 3 Series 330Ci Convertible 2D $30,000** |

## 6. Assignments and receiverships

None  a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the
☑    commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either
     or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not
     filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None  b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year**
☑    immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must
     include information concerning property of either or both spouses whether or not a joint petition is filed, unless the
     spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND ADDRESS OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

## 7. Gifts

None  List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except
☑    ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable
     contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include
     gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a
     joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

Statement of Financial Affairs (Form 7) - Page 4 - (Rev. 4/10)                                        2010 USBC, Central District of California

## 8. Losses

None
☑

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

## 9.  Payments related to debt counseling or bankruptcy

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Law Office of Peter M. Lively**<br>**11268 Washington Blvd., Suite 203**<br>**Culver City, California 90230** | **04/02/2010 - 02/21/2011** | **$4,644.00** |
| **Money Management International**<br>**9009 West Loop South, Suite 700**<br>**Houston, TX 77096-1719** | **02/23/2011** | **$100.00** |

## 10. Other transfers

None
☑

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None
☑

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR INTEREST IN PROPERTY |
|---|---|---|

Statement of Financial Affairs (Form 7) - Page 5 - (Rev. 4/10)                2010 USBC, Central District of California

## 11. Closed financial accounts

None    List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed,
☑    sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking,
    savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks,
    credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors
    filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or
    both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

## 12. Safe deposit boxes

None    List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within
☑    **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13
    must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are
    separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITOR | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

## 13. Setoffs

None    List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding
☑    the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information
    concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint
    petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

## 14. Property held for another person

None    List all property owned by another person that the debtor holds or controls.
☑

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

## 15. Prior address of debtor

None    If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the
❑    debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also
    any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| **400 S. Hauser Blvd., Apt 12 B** **Los Angeles, CA 90036** | **Gene D. Balas and Carlos A.** **Morales** | **07/2006 - 02/2009** |

## 16. Spouses and Former Spouses

None    If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona,
☑    California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years**
    immediately preceding the commencement of the case, identify the name of the debtor 's spouse and of any former spouse
    who resides or resided with the debtor in the community property state.

    NAME

Statement of Financial Affairs (Form 7) - Page 6 - (Rev. 4/10)                    2010 USBC, Central District of California

## 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None
☑

a.    List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
☑

b.    List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
☑

c.    List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

Statement of Financial Affairs (Form 7) - Page 7 - (Rev. 4/10)          2010 USBC, Central District of California

## 18. Nature, location and name of business

None ❏
a. *If the debtor is an individual,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation,* list the names, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| Gene Douglas Balas | XXXX-0140 | (Residence) 5702 Lindenhurst Ave. Los Angeles, CA 90036 | Writer | 05/01/2010 |

None ☑
b.     Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME _____          ADDRESS_____

## 19. Books, records and financial statements

None ❏
a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                    DATES SERVICES RENDERED

**Gene Douglas Balas**                **All**
**(Residence)**
**5702 Lindenhurst Ave.**
**Los Angeles, CA 90036**

None ☑
b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME _____  ADDRESS _____          DATES SERVICES RENDERED

None ❏
c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                               ADDRESS

**Gene Douglas Balas**                **(Residence)**
                                   **5702 Lindenhurst Ave.**
                                   **Los Angeles, CA 90036**

None ☑
d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                    DATE ISSUED

Statement of Financial Affairs (Form 7) - Page 8 - (Rev. 4/10)                                    2010 USBC, Central District of California

## 20. Inventories

None
☑  a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

|  |  | DOLLAR AMOUNT OF INVENTORY |
|  |  | (Specify cost, market or other |
| DATE OF INVENTORY | INVENTORY SUPERVISOR | basis) |

None
☑  b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

|  | NAME AND ADDRESSES OF CUSTODIAN |
| DATE OF INVENTORY | OF INVENTORY RECORDS |

## 21. Current Partners, Officers, Directors and Shareholders

None
☑  a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |

None
☑  b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

|  |  | NATURE AND PERCENTAGE |
| NAME AND ADDRESS | TITLE | OF STOCK OWNERSHIP |

## 22. Former partners, officers, directors and shareholders

None
☑  a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |

None
☑  b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |

## 23. Withdrawals from a partnership or distributions by a corporation

None
☑  If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS |  | AMOUNT OF MONEY |
| OF RECIPIENT, | DATE AND PURPOSE | OR DESCRIPTION |
| RELATIONSHIP TO DEBTOR | OF WITHDRAWAL | AND VALUE OF PROPERTY |

## 24. Tax Consolidation Group.

None
☑  If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME  OF PARENT CORPORATION          TAXPAYER IDENTIFICATION NUMBER (EIN)

60

Statement of Financial Affairs (Form 7) - Page 9 - (Rev. 4/10)                    2010 USBC, Central District of California

### 25. Pension Funds.

None ☑    If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME  OF PENSION FUND                    TAXPAYER IDENTIFICATION NUMBER (EIN)

Statement of Financial Affairs (Form 7) - Page 10 - (Rev. 4/10)    2010 USBC, Central District of California

*[if completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement
of financial affairs and any attachments thereto and that they are true and correct.

Date  **3/9/2011**    Signature    **/s/, Gene Douglas Balas**
of Debtor    **Gene Douglas Balas**

Date  **3/9/2011**    Signature    **/s/, Carlos A. Morales**
of Joint Debtor    **Carlos A. Morales**
(if any)

| Form B22C (Chapter13) - (12/10) | 2010 USBC, Central District of California |
|---|---|

| In re **Gene Douglas Balas, Carlos A. Morales** | Case No.: **2:11-bk-17831-AA** |
|---|---|
| Debtor. | (if known) |

According to the calculations required by this statement:

☐ The applicable commitment period is 3 years.

☑ The applicable commitment period is 5 years.

☑ Disposable income is determined under § 1325(b)(3)

☐ Disposable income is not determined under § 1325(b)(3)

(Check the boxes as directed in Lines 17 and 23 of this statement.)

## STATEMENT OF CURRENT MONTHLY INCOME AND
## CALCULATION OF COMMITMENT PERIOD AND DISPOSABLE INCOME
## FOR USE IN CHAPTER 13

In addition to Schedules I and J, this statement must be completed by every individual chapter 13 debtor, whether or not filing jointly. Joint debtors may complete one statement only.

| | Part I. REPORT OF INCOME | | | Column A Debtor's Income | Column B Spouse's Income |
|---|---|---|---|---|---|
| 1 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ **Unmarried. Complete only Column A ("Debtor's Income") for Lines 2-10.**<br>b. ☑ Married. **Complete both Column A ("Debtor's Income") and Column B (Spouse's Income) for Lines 2-10.** | | | | |
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | | | Column A Debtor's Income | Column B Spouse's Income |
| 2 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | | | $ | $6,698.30 |
| 3 | **Income from the operation of a business, profession or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 3. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part IV.** | | | $3,493.75 | $0.00 |
| | | a. | Gross Receipts | $ 5,541.67 | |
| | | b. | Ordinary and necessary business expenses | $ 2,047.92 | |
| | | c. | Business income | Subtract Line b from Line a | |
| 4 | **Rent and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part IV.** | | | $0.00 | $0.00 |
| | | a. | Gross Receipts | $ 0.00 | |
| | | b. | Ordinary and necessary operating expenses | $ 0.00 | |
| | | c. | Rent and other real property income | Subtract Line b from Line a | |
| 5 | **Interest, dividends, and royalties.** | | | $0.00 | $0.00 |
| 6 | **Pension and retirement income.** | | | $0.00 | $0.00 |
| 7 | Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose. Do not include alimony or separate maintenance payments or amounts paid by the debtor's spouse. Each regular payment should be reported in only one column; if a payment is listed in Column A, do not report that payment in Column B. | | | $0.00 | $0.00 |

Form B22C (Chapter13) - (12/10)                                    2010 USBC, Central District of California

| | | | | |
|---|---|---|---|---|
| 8 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below: <br><br> Unemployment compensation claimed to be a benefit under the Social Security Act    Debtor $ ____    Spouse $ ____ | | $0.00 | $0.00 |
| 9 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. Total and enter on Line 9. **Do not include alimony or separate maintenance payments paid by your spouse, but include all other payments of alimony or separate maintenance. Do not include** any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. <br><br> a. ____    $ ____ . | | $0.00 | $0.00 |
| 10 | **Subtotal.** Add Lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 thru 9 in Column B. Enter the total(s). | | $3,493.75 | $6,698.30 |
| 11 | **Total.** If Column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 10, Column A. | $ 10,192.05 | | |

### Part II. CALCULATION OF § 1325(b)(4) COMMITMENT PERIOD

| | | |
|---|---|---|
| 12 | Enter the amount from Line 11. | $ 10,192.05 |
| 13 | **Marital adjustment.** If you are married, but are not filing jointly with your spouse, AND if you contend that calculation of the commitment period under § 1325(b)(4) does not require inclusion of the income of your spouse, enter on Line 13 the amount of the income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of you or your dependents and specify, in the lines below, the basis for excluding this income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero. <br><br> a. ____    $ ____ <br> Total and enter on Line 13. | $0.00 |

Form B22C (Chapter13) - (12/10)                                      2010 USBC, Central District of California

| 14 | Subtract Line 13 from Line 12 and enter the result. | $ 10,192.05 |
|----|----|----|
| 15 | Annualized current monthly income for § 1325(b)(4). Multiply the amount from Line 14 by the number 12 and enter the result. | $ 122,304.60 |
| 16 | Applicable median family income. Enter the median family income for applicable state and household size. (This information is available by family size at www.usdoj.gov/ust or from the clerk of the bankruptcy court.)  a. Enter debtor's state of residence: __CA__   b. Enter debtor's household size: __2__ | $ 61,954.00 |
| 17 | Application of § 1325(b)(4). Check the applicable box and proceed as directed.  ☐ The amount on Line 15 is less than the amount on Line 16. Check the box for "The applicable commitment period is 3 years" at the top of page 1 of this statement and continue with this statement.  ☑ The amount on Line 15 is not less than the amount on Line 16. Check the box for "The applicable commitment period is 5 years" at the top of page 1 of this statement and continue with this statement. | |

### Part III. APPLICATION OF § 1325(b)(3) FOR DETERMINING DISPOSABLE INCOME

| 18 | Enter the amount from Line 11. | $ 10,192.05 |
|----|----|----|
| 19 | Marital adjustment. If you are married, but are not filing jointly with your spouse, enter on Line 19 the total of any income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero.  a. _____  $ _____  Total and enter on Line 19. | $ 0.00 |
| 20 | Current monthly income for § 1325(b)(3). Subtract Line 19 from Line 18 and enter the result. | $ 10,192.05 |
| 21 | Annualized current monthly income for § 1325(b)(3). Multiply the amount from Line 20 by the number 12 and enter the result. | $ 122,304.60 |
| 22 | Applicable median family income. Enter the amount from Line 16 | $ 61,954.00 |
| 23 | Application of § 1325(b)(3). Check the applicable box and proceed as directed.  ☑ The amount on Line 21 is more than the amount on Line 22. Check the box for "Disposable income is determined under § 1325(b)(3)" at the top of page 1 of this statement and complete the remaining parts of this statement.  ☐ The amount on Line 21 is not more than the amount on Line 22. Check the box for "Disposable income is not determined under § 1325(b)(3)" at the top of page 1 of this statement and complete Part VII of this statement. Do not complete Parts IV, V, or VI. | |

### Part IV. CALCULATION OF DEDUCTIONS FROM INCOME

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 24A | National Standards: food, apparel and services, housekeeping supplies, personal care, and miscellaneous. Enter in Line 24A the "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable number of persons. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) The applicable number of persons is the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ 985.00 |
|----|----|----|

Form B22C (Chapter13) - (12/10)                                    2010 USBC, Central District of California

| 24B | National Standards: health care. Enter in Line a1 below the amount from IRS National Standards for Outof- Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Outof- Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the applicable number of persons who are under 65 years of age, and enter in Line b2 the applicable number of persons who are 65 years of age or older. (The applicable number of persons in each age category is the number in that category that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support.) Multiply Line a1 by Line b1 to obtain a total amount for persons under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for persons 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 24B. | |

| | Persons under 65 years of age | | | Persons 65 years of age or older | |
|---|---|---|---|---|---|
| a1. | Allowance per person | 60.00 | a2. | Allowance per person | 144.00 |
| b1. | Number of persons | 2.00 | b2. | Number of persons | |
| c1. | Subtotal | 120.00 | c2. | Subtotal | |

$ 120.00

| 25A | Local Standards: housing and utilities; non-mortgage expenses. Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). The applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ 551.00 |
|---|---|---|

| 25B | Local Standards: housing and utilities; mortgage/rent expense. Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court)(the applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 47; subtract Line b from Line a and enter the result in Line 25B. **Do not enter an amount less than zero.** | |
|---|---|---|

| a. | IRS Housing and Utilities Standards; mortgage/rent expense | $ 1,537.00 | |
|---|---|---|---|
| b. | Average Monthly Payment for any debts secured by home, if any, as stated in Line 47. | $ | |
| c. | Net mortgage/rental expense | Subtract Line b from Line a | |

$ 1,537.00

| 26 | Local Standards: housing and utilities; adjustment. If you contend that the process set out in Lines 25A and 25B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $ |
|---|---|---|

| 27A | Local Standards: transportation; vehicle operation/public transportation expense. You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation. Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 7.  ☐ 0  ☑ 1  ☐ 2 or more. If you checked 0, enter on Line 27A the "Public Transportation" amount from IRS Local Standards: Transportation. if you checked 1 or 2 or more, enter on Line 27A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ 283.00 |
|---|---|---|

| 27B | Local Standards: transportation; additional public transportation expense. If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 27B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ 182.00 |
|---|---|---|

Form B22C (Chapter13) - (12/10)                                    2010 USBC, Central District of California

| | | |
|---|---|---|
| 28 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.) ☑ 1  ☐ 2 or more.) <br> Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 47; subtract Line b from Line a and enter the result in Line 28. **Do not enter an amount less than zero.** | |
| | <table><tr><td>a.</td><td>IRS Transportation Standards, Ownership Costs</td><td>$ 496.00</td></tr><tr><td>b.</td><td>Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 47.</td><td>$ 250.00</td></tr><tr><td>c.</td><td>Net ownership/lease expense for Vehicle 1</td><td>Subtract Line b from Line a</td></tr></table> | $ 246.00 |
| 29 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 28. <br> Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 47; subtract Line b from Line a and enter the result in Line 29. **Do not enter an amount less than zero.** | |
| | <table><tr><td>a.</td><td>IRS Transportation Standards, Ownership Costs</td><td>$ 0.00</td></tr><tr><td>b.</td><td>Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 47</td><td>$</td></tr><tr><td>c.</td><td>Net ownership/lease expense for Vehicle 2</td><td>Subtract Line b from Line a</td></tr></table> | $ 0.00 |
| 30 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes. social security taxes. and Medicare taxes. **Do not include real estate or sales taxes.** | $ 2,121.27 |
| 31 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly payroll deductions that are required for your employment, such as retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ 0.00 |
| 32 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ 367.00 |
| 33 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in Line 49.** | $ 0.00 |
| 34 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ 0.00 |
| 35 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare—such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ 0.00 |
| 36 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 24B. **Do not include payments for health insurance or health savings accounts listed in Line 39.** | $ 800.00 |
| 37 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service— such as pagers, call waiting, caller id, special long distance, or internet service—to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ 30.00 |
| 38 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 24 through 37. | $ 7,222.27 |
| | **Subpart B: Additional Living Expense Deductions** | |

Form B22C (Chapter13) - (12/10)                                    2010 USBC, Central District of California

| | Note: Do not include any expenses that you have listed in Lines 24-37 | |
|---|---|---|
| 39 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. | |

| 39 | | | | |
|---|---|---|---|---|
| | a. | Health Insurance | $331.49 | |
| | b. | Disability Insurance | $54.35 | |
| | c. | Health Savings Account | $400.00 | |

| | Total and enter on Line 39 **If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below: $_____ | $ 785.84 |
|---|---|---|
| 40 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. **Do not include payments listed in Line 34.** | $ 0.00 |
| 41 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ 0.00 |
| 42 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 43 | **Education expenses for dependent children under 18.** Enter the total average monthly expenses that you actually incur, not to exceed $147.92* per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ 0.00 |
| 44 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ 35.00 |
| 45 | **Charitable contributions.** Enter the amount reasonably necessary for you to expend each month on charitable contributions in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). **Do not include any amount in excess of 15% of your gross monthly income.** | $ 0.00 |
| 46 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 39 through 45. | $ 820.84 |

| | **Subpart C: Deductions for Debt Payment** | |
|---|---|---|
| 47 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 47. | |

| | | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? | |
|---|---|---|---|---|---|---|
| 47 | a. | Ford Motor Credit | 2010 Ford Fusion | $ 250.00 | ☐ yes ☑ no | |
| | | | | | Total: Add Lines a, b and c | $ 250.00 |

Form B22C (Chapter13) - (12/10)                                          2010 USBC, Central District of California

| | | |
|---|---|---|
| 48 | **Other payments on secured claims.** If any of debts listed in Line 47 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 47, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. | |

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | | | $ |

| | | |
|---|---|---|
| | | Total: Add Lines a, b and c | $ 0.00 |

| | | |
|---|---|---|
| 49 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 33.** | $ 783.95 |

| | | |
|---|---|---|
| 50 | **Chapter 13 administrative expenses.** Multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. | |

| | | | |
|---|---|---|---|
| 50 | a. | Projected average monthly Chapter 13 plan payment. | $1,888.19 |
| | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x   10.00 |
| | c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b |

| | | |
|---|---|---|
| | | $ 188.82 |

| | | |
|---|---|---|
| 51 | **Total Deductions for Debt Payment.** Enter the total of Lines 47 through 50. | $ 1,222.77 |

| | |
|---|---|
| **Subpart D: Total Deductions from Income** | |

| | | |
|---|---|---|
| 52 | **Total of all deductions from income.** Enter the total of Lines 38, 46, and 51. | $9,265.88 |

| | |
|---|---|
| **Part V.  DETERMINATION OF DISPOSABLE INCOME UNDER § 1325(b)(2)** | |

| | | |
|---|---|---|
| 53 | **Total current monthly income.** Enter the amount from Line 20. | $ 10,192.05 |
| 54 | **Support income.** Enter the monthly average of any child support payments, foster care payments, or disability payments for a dependent child, reported in Part I, that you received in accordance with applicable nonbankruptcy law, to the extent reasonably necessary to be expended for such child. | $ |
| 55 | **Qualified retirement deductions.** Enter the monthly total of (a) all amounts withheld by your employer from wages as contributions for qualified retirement plans, as specified in § 541(b)(7) and (b) all required repayments of loans from retirement plans, as specified in § 362(b)(19). | $ 278.61 |
| 56 | **Total of all deductions allowed under § 707(b)(2).** Enter the amount from Line 52. | $ 9,265.88 |
| 57 | **Deduction for special circumstances.** If there are special circumstances that justify additional expenses for which there is no reasonable alternative, describe the special circumstances and the resulting expenses in lines a-c below. If necessary, list additional entries on a separate page. Total the expenses and enter the total in Line 57. **You must provide your case trustee with documentation of these expenses and you must provide a detailed explanation of the special circumstances that make such expenses necessary and reasonable.** | |

| | Nature of special circumstances | Amount of expense |
|---|---|---|
| a. | | $ |

| | | |
|---|---|---|
| | Total: Add Lines a, b, and c | $  0.00 |

Form B22C (Chapter13) - (12/10)                                    2010 USBC, Central District of California

| 58 | **Total adjustments to determine disposable income.** Add the amounts on Lines 54, 55, 56, and 57 and enter the result. | $ 9,544.49 |
|----|----|----|
| 59 | **Monthly Disposable Income Under § 1325(b)(2).** Subtract Line 58 from Line 53 and enter the result. | $ 647.56 |

| | **Part VI. ADDITIONAL EXPENSE CLAIMS** | |
|---|---|---|
| 60 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. | |

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $ |
| | Total: Add Lines a, b, and c | $ 0.00 |

| | **Part VII: VERIFICATION** | |
|---|---|---|

| 61 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this a joint case, both debtors must sign.)* |
|----|----|

Date: __3/9/2011__      Signature:  **/s/, Gene Douglas Balas**
                                    **Gene Douglas Balas,** (Debtor)

Date: __3/9/2011__      Signature:  **/s/, Carlos A. Morales**
                                    **Carlos A. Morales,** (Joint Debtor, if any)

70

# EXHIBIT 3

# EXHIBIT 3

DAVID M. STERN (State Bar No. 67697)
ROBERT J. PFISTER (State Bar No. 241370)
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067-6049
Telephone:   (310) 407-4000
Facsimile:    (310) 407-9090
Email:         dstern@ktbslaw.com
               rpfister@ktbslaw.com

Proposed Special Counsel for the Debtors

PETER M. LIVELY (State Bar No. 162686)
LAW OFFICE OF PETER M. LIVELY
11268 Washington Boulevard, Suite 203
Culver City, California 90230-4647
Telephone:   (310) 391-2400
Facsimile:    (310) 391-2462
Email:         PeterMLively@aol.com

Counsel for the Debtors

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA 90067-6049
(310) 407-4000

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

In re:

Gene Douglas Balas and Carlos A. Morales,

Debtors.

Case No.: 2:11-bk-17831-AA

Chapter 13

**DEBTORS' APPLICATION TO EMPLOY KLEE, TUCHIN, BOGDANOFF & STERN LLP AS SPECIAL COUNSEL ON A PRO BONO BASIS IN CONNECTION WITH CERTAIN SPECIFIED MATTERS; DECLARATION OF ROBERT J. PFISTER IN SUPPORT THEREOF**

**Hearing To Be Set If Requested (LR 9013-1(o))**

1  **TO THE HONORABLE ALAN M. AHART, UNITED STATES BANKRUPTCY**
2  **JUDGE; PETER C. ANDERSON, UNITED STATES TRUSTEE; KATHY A.**
3  **DOCKERY, CHAPTER 13 TRUSTEE; AND ALL CREDITORS AND PARTIES IN**
4  **INTEREST:**

5       Gene Douglas Balas and Carlos A. Morales, the debtors (collectively, the "Debtors")
6  in the above-captioned chapter 13 bankruptcy case (the "Bankruptcy Case"), respectfully
7  submit this application (the "Application") for an order authorizing the employment, on a pro
8  bono basis, of Klee, Tuchin, Bogdanoff & Stern LLP ("KTB&S") as their special counsel for
9  the limited purposes set forth herein, to serve as co-counsel with the Law Office of Peter M.
10  Lively (the "Lively Firm"). Specifically, KTB&S, in conjunction with the Lively Firm, will
11  represent the Debtors exclusively in connection with any motion(s) to dismiss the
12  Bankruptcy Case on the ground that the Debtors' joint bankruptcy filing is prohibited by
13  section 3 of the federal Defense of Marriage Act, Pub. L. No. 104-199, 110 Stat. 2419 (Sep.
14  21, 1996), *codified at* 1 U.S.C. § 7 ("DOMA"), and any appeals from a decision on such
15  motion(s) (collectively, the "DOMA Matters"). For all matters arising in or related to the
16  Bankruptcy Case other than the DOMA Matters, including but not limited to all proceedings
17  relating to claims, objections, plans, discharges and the like, the Debtors will continue to be
18  represented solely by the Lively Firm in accordance with the Debtors' separate engagement
19  arrangements with the Lively Firm.

20       This Application is brought pursuant to section 329(a) of the Bankruptcy Code to
21  disclose the pro bono character of KTB&S's representation of the Debtors, and pursuant to
22  LBR 1001-1(d) and LBR 3015-1(u)(1) to secure Court approval of the limited scope of
23  KTB&S's engagement in this chapter 13 case. Pursuant to LBR 3015-1(x) and LBR 9013-
24  1(o), this Application is being served upon the United States trustee, the Chapter 13 trustee,
25  and all creditors and parties in interest, and may be determined upon notice of opportunity to
26  request a hearing. In support of this Application, the Debtors submit the annexed
27  *Declaration of Robert J. Pfister* (the "Pfister Declaration") and respectfully represent as
28  follows:

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA 90067-6049
(310) 407-4000

# I.

## BACKGROUND

On February 24, 2011, the Debtors jointly commenced the Bankruptcy Case pursuant to section 302 of the Bankruptcy Code, which authorizes the filing of "a single petition . . . by an individual . . . and such individual's spouse." 11 U.S.C. § 302(a). The Debtors (both of whom are male) were lawfully married on August 30, 2008, in Santa Monica, California, *see* Pfister Decl. Ex. A (License and Certificate of Marriage), and remain lawfully married under the laws of the State of California. *See Strauss v. Horton*, 207 P.3d 48 (Cal. 2009) (clarifying that the approximately 18,000 same-gender couples who legally wed in California during the time period between (i) the announcement of *In re Marriage Cases*, 183 P.3d 384 (Cal. 2008) (invalidating the state's restriction of marriage to opposite-gender couples), and (ii) the November 2008 passage of Proposition 8 (amending the state constitution to once again restrict marriage to opposite-gender couples), remain validly married).

On March 28, 2011, the United States trustee convened and presided at a meeting of creditors pursuant to section 341 of the Bankruptcy Code. Pursuant to LBR 3015-1(g)(2)(B), the United States trustee orally objected to confirmation of the Debtors' plan and notified the Debtors that a motion challenging their joint petition would be forthcoming, and would likely be set for a hearing to coincide with the confirmation hearing. It is the Debtors' understanding that the United States trustee will seek dismissal of the Bankruptcy Case under section 3 of DOMA, which provides:

> In determining the meaning of any Act of Congress, or of any ruling, regulation, or interpretation of the various administrative bureaus and agencies of the United States, the word "marriage" means only a legal union between one man and one woman as husband and wife, and the word "spouse" refers only to a person of the opposite sex who is a husband or a wife.

1 U.S.C. § 7.

Section 3 of DOMA raises serious constitutional issues. Indeed, one day before the Debtors filed their joint petition, the Attorney General of the United States informed the Speaker of the U.S. House of Representatives that "the President of the United States has

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA, 90067-6049
(310) 407-4000

1    made the determination that Section 3 of [DOMA], as applied to same-sex couples who are

2    legally married under state law, violates the equal protection component of the Fifth

3    Amendment." Pfister Decl. Ex. B (Letter from Hon. Eric H. Holder, Jr. to Hon. John A.

4    Boehner, dated Feb. 23, 2011) at 1.[1] *See also Commonwealth of Mass. v. U.S. Dep't of*

5    *Health & Human Servs.*, 698 F. Supp. 2d 234 (D. Mass. 2010) (holding that section 3 of

6    DOMA violates the Tenth Amendment of the U.S. Constitution by intruding on an area of

7    exclusive state authority). Moreover, dismissal of a joint bankruptcy petition on the sole

8    basis that one of the debtors is not "a person of the opposite sex who is a husband or a wife,"

9    1 U.S.C. § 7, is essentially dismissal on the ground that one of the debtors is the "wrong"

10   gender—a conclusion long deemed impermissible under governing Supreme Court

11   precedent. *E.g.*, *Orr v. Orr*, 440 U.S. 268 (1979); *Reed v. Reed*, 404 U.S. 71 (1971).

12        In light of the seriousness of the issues raised and their importance to the orderly,

13   predictable functioning of the bankruptcy system,[2] KTB&S has volunteered to serve as

14   special counsel to the Debtors, on a pro bono basis, to oppose any motion to dismiss the

15   Bankruptcy Case under section 3 of DOMA, and to prosecute or defend any appellate

16   proceedings arising therefrom. KTB&S will work closely with the Lively Firm in this

17   regard, and the Lively Firm will maintain responsibility for all other matters in the

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA 90067-6049
(310) 407-4000

---

[1]   As the President and the Attorney General recognize, "classifications based on sexual orientation warrant heightened scrutiny," *id.* at 2, which means that "the United States cannot defend Section 3 [of DOMA] by advancing hypothetical rationales, independent of the legislative record," *id.* at 4. The President and the Attorney General further acknowledge that "the legislative record underlying DOMA's passage . . . undermines any defense under heightened scrutiny," as DOMA reflects "precisely the kind of stereotype-based thinking and animus the Equal Protection Clause is designed to guard against." *Id.* (citing, *inter alia*, *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 448 (1985) ("mere negative attitudes, or fear" are not permissible bases for discriminatory treatment); *Palmore v. Sidotti*, 466 U.S. 429, 433 (1984) ("Private biases may be outside the reach of the law, but the law cannot, directly or indirectly, give them effect.")).

[2]   In February 2011 (the month the Debtors commenced their joint Bankruptcy Case), 2,713 other chapter 13 bankruptcy cases were filed in the Central District of California. *See* Statistics available at www.cacb.uscourts.gov. Insofar as approximately 40% of all chapter 13 cases are joint petitions, *see* Sullivan, Theme & Warren, *Young, Old, and In Between: Who Files For Bankruptcy?*, 9A Norton Bankr. L. Advisor (2001), over 1,000 couples likely filed chapter 13 petitions in this District in February 2011. If the Debtors are the only same-gender couple in that group, the same will likely not be true of similar cohorts in the future.

1    Bankruptcy Case, including but not limited to all proceedings relating to claims, objections,

2    plans, discharges and the like.

3                                                           II.

4                                    **JURISDICTION AND VENUE**

5           This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

6    This is a core proceeding pursuant to 28 U.S.C. §157(b).  Venue is proper before this Court

7    pursuant to 28 U.S.C. §§ 1408 and 1409.

8                                                          III.

9                                      **RELIEF REQUESTED**

10          In addition to serving as KTB&S's disclosure that no "compensation [was] paid or

11   agreed to be paid . . . for services rendered or to be rendered [by KTB&S] in contemplation

12   of or in connection with the [Bankruptcy Case]," 11 U.S.C. § 329(a), this Application

13   requests entry of an order approving the retention of KTB&S on the terms and conditions set

14   out herein, notwithstanding the Local Bankruptcy Rule under which "[a]ny attorney who is

15   retained to represent a debtor in a chapter 13 case is responsible for representing the debtor

16   on all matters arising in the case, other than adversary proceedings . . . ."  LBR 3015-1(u)(1).

17   *See* LBR 1001-1(d) ("The court may waive the application of any Local Bankruptcy Rule in

18   any case or proceeding, or make additional orders as it deems appropriate, in the interest of

19   justice.").  In view of the Lively Firm's continued representation and involvement in the

20   Bankruptcy Case for all other purposes, the Debtors respectfully submit that the limited

21   scope of KTB&S's engagement is appropriate and should be approved.

22                                                          IV.

23                              **KTB&S'S QUALIFICATIONS**

24          KTB&S is one of the premier business reorganization and corporate insolvency

25   boutique law firms in the country, providing exceptional business reorganization, corporate

26   insolvency, commercial and bankruptcy-related litigation and appellate advocacy, expert

27   witness and transactional services to the highest quality clients in the country.  During 2010,

28   KTB&S served as counsel for debtors in three of the most significant chapter 11 cases in

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA 90067-6049
(310) 407-4000

1   which reorganization plans were confirmed and effectuated: Thorpe Insulation Company

2   (appeals springing from *In re Thorpe Insulation Co.*, Case No. 07-19271 (Bankr. C.D. Cal.));

3   The Lake at Las Vegas, Case No. 08-17814 (Bankr. D. Nev.); and Metro Goldwin Mayer,

4   Inc., Case No. 10-15774 (Bankr. S.D.N.Y.). In addition, starting in the late spring of 2010,

5   the firm served as counsel to partner Kenneth N. Klee, court-appointed independent

6   examiner in the chapter 11 cases of Tribune Company and its affiliates, Case No. 08-13141

7   (Bankr. D. Del.). The investigation, and the resulting 1,400-page report (completed in less

8   than 3 months), uncovered the facts surrounding, and analyzed potential estate causes of

9   action against parties involved in, complex financing transactions and other matters. During

10  2010 KTB&S also acted on behalf of official and unofficial creditors' committees and

11  significant creditors, including in the chapter 11 cases of Fremont General Corporation, Case

12  No. 08-13421 (Bankr. C.D. Cal.), as well as cases in the oil and gas, hospital and retail

13  sectors. A summary of the experience and qualifications of those members of KTB&S

14  expected to take primary responsibility in rendering services to the Debtors is attached as

15  Exhibit C to the Pfister Declaration.

16      In addition to regularly representing debtors, creditors, equity holders, committees,

17  trustees, landlords, potential acquirers of assets and other parties with interests in financially

18  distressed businesses, KTB&S undertakes a select number of pro bono engagements where

19  the issues presented are critical to the orderly, predictable functioning of the bankruptcy

20  system. For example, KTB&S successfully represented a consumer debtor in *AmeriCredit*

21  *Financial Services v. Penrod (In re Penrod)*, 611 F.3d 1158 (9th Cir. 2010), which resulted

22  in binding Ninth Circuit authority clarifying the applicability of the "hanging paragraph" of

23  section 1325(a) of the Bankruptcy Code to consumer vehicle financing transactions. This

24  Bankruptcy Case similarly presents issues of broad import to the bankruptcy system—

25  especially given the United States trustee's stated intent to move to dismiss the Debtors'

26  Bankruptcy Case on the basis of a law (section 3 of DOMA) that the President and the

27  Attorney General have concluded cannot constitutionally be applied to couples like the

28  Debtors, who are validly married under state law.

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA 90067-6049
(310) 407-4000

**76**   5

V.

## NO ADVERSE INTEREST/DISINTERESTEDNESS

Insofar as KTB&S does not seek employment pursuant to Bankruptcy Code sections 327 or 328, and will not seek compensation pursuant to sections 330 or 331, the general "disinterested person" standard of section 101(14) of the Bankruptcy Code is not directly applicable. Nonetheless, neither KTB&S nor any of the attorneys comprising or employed by it hold or represent an interest adverse to the Debtors or have any connection with the Debtors. Although KTB&S has "connections" with certain of the creditors in this case (which include major financial institutions such as Bank of America, Citibank and Chase, among others), such connections arise as a result of KTB&S's involvement in entirely unrelated matters and will not be germane to the limited scope of KTB&S's engagement in this case.

VI.

## CONCLUSION

For all the reasons set out above, the Debtors respectfully request that the Court enter an order authorizing the employment of KTB&S as their special counsel on a pro bono basis for the limited purposes set forth herein, and that the Court grant such other and further relief as is appropriate or warranted.

Dated: April 1, 2011

GENE DOUGLAS BALAS

CARLOS A. MORALES

Prepared and Submitted by:

KLEE, TUCHIN, BOGDANOFF & STERN LLP

By: _____ /s/ Robert J. Pfister _____
ROBERT J. PFISTER

6

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067-6049
(310) 407-4000

**DECLARATION OF ROBERT J. PFISTER**

I, Robert J. Pfister, hereby declare under penalty of perjury that:

1.     I am partner of Klee, Tuchin, Bogdanoff & Stern LLP ("KTB&S"). I am over eighteen years of age and have personal knowledge of the facts set forth herein, and if called as a witness, would testify competently with respect thereto from my own personal knowledge except as otherwise stated.

2.     This declaration is submitted in support of *Debtors' Application to Employ Klee, Tuchin, Bogdanoff & Stern LLP as Special Counsel on a Pro Bono Basis in Connection with Certain Specified Matters* (the "Application").

3.     By the Application, Gene Douglas Balas and Carlos A. Morales (collectively, the "Debtors") seek to employ KTB&S on a pro bono basis as their special counsel for the limited purpose of representing them in connection with any motion(s) to dismiss their bankruptcy case on the ground that the Debtors' joint bankruptcy filing is prohibited by section 3 of the federal Defense of Marriage Act, Pub. L. No. 104-199, 110 Stat. 2419 (Sep. 21, 1996), *codified at* 1 U.S.C. § 7 ("DOMA"), and any appeals from a decision on such motion(s) (collectively, the "DOMA Matters"). For all matters arising in or related to the Debtors' bankruptcy case other than the DOMA Matters, including but not limited to all proceedings relating to claims, objections, plans, discharges and the like, the Debtors will continue to be represented solely by the Law Office of Peter M. Lively.

4.     Attached hereto as Exhibit A is a true and correct copy of the Debtors' License and Certificate of Marriage.

5.     Attached hereto as Exhibit B is a true and correct copy of the letter from the Honorable Eric H. Holder, Jr., Attorney General of the United States, to the Honorable John A. Boehner, Speaker of the U.S. House of Representatives, dated February 23, 2011.

6.     Attached hereto as Exhibit C is a summary of the experience and qualifications of those members of KTB&S expected to take primary responsibility in rendering services to the Debtors. All attorneys comprising or associated with KTB&S who will render services in this Bankruptcy Case are duly admitted to practice law in the State of California and in the

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA, 90067-6049
(310) 407-4000

1    United States District Court for the Central District of California.

2         7.    Neither KTB&S nor any of the attorneys comprising or employed by it hold or

3    represent an interest adverse to the Debtors or have any connection with the Debtors.

4    Although KTB&S has "connections" with certain of the creditors in this case (which include

5    major financial institutions such as Bank of America, Citibank and Chase, among others),

6    such connections arise as a result of KTB&S's involvement in entirely unrelated matters and

7    will not be germane to the limited scope of KTB&S's engagement in this case.

8

9    I declare under penalty of perjury that the foregoing is true and correct to the best of my

10   knowledge and belief. Executed on April 1, 2011 at Los Angeles, California.

11

12

13                                        ROBERT J. PFISTER

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

79

## COUNTY OF LOS ANGELES • REGISTRAR-RECORDER/COUNTY CLERK

### LICENSE AND CERTIFICATE OF MARRIAGE

4 2008 19020087

MUST BE LEGIBLE - MAKE NO ERASURES, WHITE OUTS, OR OTHER ALTERATIONS
USE DARK INK ONLY

| STATE FILE NUMBER | | | | LOCAL REGISTRATION NUMBER |
|---|---|---|---|---|

**PARTY A (BRIDE/GROOM)**

1A. NAME OF PARTY A - FIRST: GENE
1B. MIDDLE: DOUGLAS
1C. CURRENT LAST: BALAS
1D. LAST NAME AT BIRTH (IF DIFFERENT THAN 1C):

3 DATE OF BIRTH: 1968 | 3 STATE/COUNTRY OF BIRTH: OHIO | 4 # PREV MARRIAGES/SROP: 00 | 5A LAST MARRIAGE/SROP ENDED BY: -- | 5B DATE ENDED: --/--/----
☐ DEATH ☐ DISSO ☐ ANNULMENT ☐ TERMINATION ☐ N/A

6 ADDRESS: 400 S. HAUSER BLVD #12B | 7 CITY: LOS ANGELES | 8 STATE/COUNTRY: CALIFORNIA | 9 ZIP CODE: 90036

10A FULL BIRTH NAME OF FATHER/PARENT: | 10B STATE OF BIRTH (IF OUTSIDE U.S. ENTER COUNTRY): OHIO

11A FULL BIRTH NAME OF MOTHER/PARENT: | 11B STATE OF BIRTH (IF OUTSIDE U.S. ENTER COUNTRY): OHIO

**PARTY B (BRIDE/GROOM)**

12A NAME OF PARTY B - FIRST: CARLOS
12B MIDDLE: ALBERTO
12C CURRENT LAST: MORALES
12D LAST NAME AT BIRTH (IF DIFFERENT THAN 12C):

13 DATE OF BIRTH: 1964 | 14 STATE/COUNTRY OF BIRTH: CALIFORNIA | 15 # PREV MARRIAGES/SROP: 00 | 16A LAST MARRIAGE/SROP ENDED BY: -- | 16B DATE ENDED: --/--/----
☐ DEATH ☐ DISSO ☐ ANNULMENT ☐ TERMINATION ☐ N/A

17 ADDRESS: 400 S. HAUSER BLVD #12B | 18 CITY: LOS ANGELES | 19 STATE/COUNTRY: CALIFORNIA | 20 ZIP CODE: 90036

21A FULL BIRTH NAME OF FATHER/PARENT: | 21B STATE OF BIRTH (IF OUTSIDE U.S. ENTER COUNTRY): CALIFORNIA

22A FULL BIRTH NAME OF MOTHER/PARENT: | 22B STATE OF BIRTH (IF OUTSIDE U.S. ENTER COUNTRY): MEXICO

**AFFIDAVIT**

23 SIGNATURE OF PARTY A | 24. SIGNATURE OF PARTY B: Carlos A Morales

**LICENSE TO MARRY**

25A ISSUE DATE: 06/25/2008 | 25B EXPIRES AFTER: 09/22/2008 | 25C NAME OF COUNTY CLERK: DEAN C. LOGAN | 25D SIGNATURE OF COUNTY DEPUTY CLERK

25E MARRIAGE LICENSE NUMBER: M P000357 | 25F COUNTY OF ISSUE: LOS ANGELES | 25G RETURN COMPLETED MARRIAGE LICENSE TO (INCLUDE ADDRESS): P.O. BOX 53120, L.A. CA. 90053-0120

**WITNESS(ES)**

26A SIGNATURE OF WITNESS: Monique S. Balas | 26B NAME OF PERSON WITNESSING MARRIAGE (TYPE OR PRINT CLEARLY): Monique S. Balas
26C ADDRESS CITY, STATE/COUNTRY, AND ZIP CODE: 2136 W.E. Weidler St., Apt # 10 Portland OR 97232

27A SIGNATURE OF WITNESS: | 27B NAME OF PERSON WITNESSING MARRIAGE (TYPE OR PRINT CLEARLY):
27C ADDRESS CITY, STATE/COUNTRY, AND ZIP CODE:

**CERTIFICATION OF PERSON SOLEMNIZING MARRIAGE**

28A DATE OF MARRIAGE: 08/30/2008 | 28B CITY/TOWN OF MARRIAGE: Santa Monica | 28C COUNTY OF MARRIAGE: Los Angeles

28D SIGNATURE OF PERSON SOLEMNIZING MARRIAGE | 28E RELIGIOUS OR CIVIL LAW OF CLERGY: UNITARIAN UNIVERSALIST
28F NAME OF PERSON SOLEMNIZING MARRIAGE (TYPE OR PRINT CLEARLY): REV. JUDITH MEYER | 28G OFFICIAL TITLE: MINISTER
28H ADDRESS CITY, STATE/COUNTRY, AND ZIP CODE: 1260 18th ST. Santa Monica CA 90404

**LOCAL REGISTRAR**

29A NAME OF LOCAL REGISTRAR: DEAN C. LOGAN | 29B SIGNATURE OF CLERK OR COUNTY CLERK | 29C DATE ACCEPTED FOR REGISTRATION: SEP 05 2008

STATE OF CALIFORNIA DEPARTMENT OF PUBLIC HEALTH OFFICE OF VITAL RECORDS



This is to certify that this document is a true copy of the official record filed with the Registrar-Recorder/County Clerk    SEP ____ ____



DEAN C. LOGAN
Acting Registrar-Recorder/County Clerk

This copy not valid unless prepared on engraved border displaying the Seal and Signature of the Registrar-Recorder/County Clerk.

*019702497*

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

Case 2:11-bk-17831-TD   Doc 29   Filed 04/15/11   Entered 04/15/11 15:25:10   Desc
                Main Document      Page 84 of 95

Case 2:11-bk-17831-AA   Doc 21-2   Filed 04/01/11   Entered 04/01/11 11:39:56   Desc
   Exhibit B - Feb. 23   2011 Letter from Attorney General to Speaker   Page 1 of 6



# Office of the Attorney General
## Washington, D. C. 20530

February 23, 2011

The Honorable John A. Boehner
Speaker
U.S. House of Representatives
Washington, DC  20515

Re:  Defense of Marriage Act

Dear Mr. Speaker:

After careful consideration, including review of a recommendation from me, the President of the United States has made the determination that Section 3 of the Defense of Marriage Act ("DOMA"), 1 U.S.C. § 7,[1] as applied to same-sex couples who are legally married under state law, violates the equal protection component of the Fifth Amendment.  Pursuant to 28 U.S.C. § 530D, I am writing to advise you of the Executive Branch's determination and to inform you of the steps the Department will take in two pending DOMA cases to implement that determination.

While the Department has previously defended DOMA against legal challenges involving legally married same-sex couples, recent lawsuits that challenge the constitutionality of DOMA Section 3 have caused the President and the Department to conduct a new examination of the defense of this provision.  In particular, in November 2011, plaintiffs filed two new lawsuits challenging the constitutionality of Section 3 of DOMA in jurisdictions without precedent on whether sexual-orientation classifications are subject to rational basis review or whether they must satisfy some form of heightened scrutiny.  *Windsor v. United States*, No. 1:10-cv-8435 (S.D.N.Y.); *Pedersen v. OPM*, No. 3:10-cv-1750 (D. Conn.).  Previously, the Administration has defended Section 3 in jurisdictions where circuit courts have already held that classifications

---

[1] DOMA Section 3 states: "In determining the meaning of any Act of Congress, or of any ruling, regulation, or interpretation of the various administrative bureaus and agencies of the United States, the word 'marriage' means only a legal union between one man and one woman as husband and wife, and the word 'spouse' refers only to a person of the opposite sex who is a husband or a wife."

Case 2:11-bk-17831-TD    Doc 29    Filed 04/15/11    Entered 04/15/11 15:25:10    Desc
                      Main Document        Page 85 of 95

Case 2:11-bk-17831-AA    Doc 21-2    Filed 04/01/11    Entered 04/01/11 11:39:56    Desc
    Exhibit B - Feb. 23    2011 Letter from Attorney General to Speaker    Page 2 of 6

based on sexual orientation are subject to rational basis review, and it has advanced arguments to defend DOMA Section 3 under the binding standard that has applied in those cases.[2]

These new lawsuits, by contrast, will require the Department to take an affirmative position on the level of scrutiny that should be applied to DOMA Section 3 in a circuit without binding precedent on the issue. As described more fully below, the President and I have concluded that classifications based on sexual orientation warrant heightened scrutiny and that, as applied to same-sex couples legally married under state law, Section 3 of DOMA is unconstitutional.

### Standard of Review

The Supreme Court has yet to rule on the appropriate level of scrutiny for classifications based on sexual orientation. It has, however, rendered a number of decisions that set forth the criteria that should inform this and any other judgment as to whether heightened scrutiny applies: (1) whether the group in question has suffered a history of discrimination; (2) whether individuals "exhibit obvious, immutable, or distinguishing characteristics that define them as a discrete group"; (3) whether the group is a minority or is politically powerless; and (4) whether the characteristics distinguishing the group have little relation to legitimate policy objectives or to an individual's "ability to perform or contribute to society." *See Bowen v. Gilliard*, 483 U.S. 587, 602-03 (1987); *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 441-42 (1985).

Each of these factors counsels in favor of being suspicious of classifications based on sexual orientation. First and most importantly, there is, regrettably, a significant history of purposeful discrimination against gay and lesbian people, by governmental as well as private entities, based on prejudice and stereotypes that continue to have ramifications today. Indeed, until very recently, states have "demean[ed] the[] existence" of gays and lesbians "by making their private sexual conduct a crime." *Lawrence v. Texas*, 539 U.S. 558, 578 (2003).[3]

---

[2] *See, e.g., Dragovich v. U.S. Department of the Treasury*, 2011 WL 175502 (N.D. Cal. Jan. 18, 2011); *Gill v. Office of Personnel Management*, 699 F. Supp. 2d 374 (D. Mass. 2010); *Smelt v. County of Orange*, 374 F. Supp. 2d 861, 880 (C.D. Cal.,2005); *Wilson v. Ake*, 354 F.Supp.2d 1298, 1308 (M.D. Fla. 2005); *In re Kandu*, 315 B.R. 123, 145 (Bkrtcy. W.D. Wash. 2004); *In re Levenson*, 587 F.3d 925, 931 (9th Cir. E.D.R. Plan Administrative Ruling 2009).
[3] While significant, that history of discrimination is different in some respects from the discrimination that burdened African-Americans and women. *See Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 216 (1995) (classifications based on race "must be viewed in light of the historical fact that the central purpose of the Fourteenth Amendment was to eliminate racial discrimination emanating from official sources in the States," and "[t]his strong policy renders racial classifications 'constitutionally suspect.'"); *United States v. Virginia*, 518 U.S. 515, 531 (1996) (observing that "'our Nation has had a long and unfortunate history of sex discrimination'" and pointing out the denial of the right to vote to women until 1920). In the case of sexual orientation, some of the discrimination has been based on the incorrect belief that sexual orientation is a behavioral characteristic that can be changed or subject to moral approbation. *Cf. Cleburne*, 473 U.S. at 441 (heightened scrutiny may be warranted for characteristics "beyond the individual's control" and that "very likely reflect outmoded notions of the relative capabilities of" the group at issue); *Boy Scouts of America v. Dale*, 530 U.S. 640 (2000) (Stevens, J., dissenting) ("Unfavorable opinions about homosexuals 'have ancient roots.'" (quoting *Bowers*, 478 U.S. at 192)).

2

Second, while sexual orientation carries no visible badge, a growing scientific consensus accepts that sexual orientation is a characteristic that is immutable, *see* Richard A. Posner, Sex and Reason 101 (1992); it is undoubtedly unfair to require sexual orientation to be hidden from view to avoid discrimination, *see* Don't Ask, Don't Tell Repeal Act of 2010, Pub. L. No. 111-321, 124 Stat. 3515 (2010).

Third, the adoption of laws like those at issue in *Romer v. Evans,* 517 U.S. 620 (1996), and *Lawrence*, the longstanding ban on gays and lesbians in the military, and the absence of federal protection for employment discrimination on the basis of sexual orientation show the group to have limited political power and "ability to attract the [favorable] attention of the lawmakers." *Cleburne*, 473 U.S. at 445. And while the enactment of the Matthew Shepard Act and pending repeal of Don't Ask, Don't Tell indicate that the political process is not closed *entirely* to gay and lesbian people, that is not the standard by which the Court has judged "political powerlessness." Indeed, when the Court ruled that gender-based classifications were subject to heightened scrutiny, women already had won major political victories such as the Nineteenth Amendment (right to vote) and protection under Title VII (employment discrimination).

Finally, there is a growing acknowledgment that sexual orientation "bears no relation to ability to perform or contribute to society." *Frontiero v. Richardson*, 411 U.S. 677, 686 (1973) (plurality). Recent evolutions in legislation (including the pending repeal of Don't Ask, Don't Tell), in community practices and attitudes, in case law (including the Supreme Court's holdings in *Lawrence* and *Romer*), and in social science regarding sexual orientation all make clear that sexual orientation is not a characteristic that generally bears on legitimate policy objectives. *See, e.g.,* Statement by the President on the Don't Ask, Don't Tell Repeal Act of 2010 ("It is time to recognize that sacrifice, valor and integrity are no more defined by sexual orientation than they are by race or gender, religion or creed.")

To be sure, there is substantial circuit court authority applying rational basis review to sexual-orientation classifications. We have carefully examined each of those decisions. Many of them reason only that if consensual same-sex sodomy may be criminalized under *Bowers v. Hardwick*, then it follows that no heightened review is appropriate – a line of reasoning that does not survive the overruling of *Bowers* in *Lawrence v. Texas*, 538 U.S. 558 (2003).[4] Others rely on claims regarding "procreational responsibility" that the Department has disavowed already in litigation as unreasonable, or claims regarding the immutability of sexual orientation that we do not believe can be reconciled with more recent social science understandings.[5] And none

---

[4] *See Equality Foundation v. City of Cincinnati*, 54 F.3d 261, 266–67 & n. 2. (6th Cir. 1995); *Steffan v. Perry*, 41 F.3d 677, 685 (D.C. Cir. 1994); *Woodward v. United States*, 871 F.2d 1068, 1076 (Fed. Cir. 1989); *Ben-Shalom v. Marsh*, 881 F.2d 454, 464 (7th Cir. 1989); *Padula v. Webster*, 822 F.2d 97, 103 (D.C. Cir. 1987).

[5]*See. e.g., Lofton v. Secretary of the Dep't of Children & Family Servs.*, 358 F.3d 804, 818 (11th Cir. 2004) (discussing child-rearing rationale*); High Tech Gays v. Defense Indust. Sec. Clearance Office*, 895 F.2d 563, 571 (9th Cir. 1990) (discussing immutability). As noted, this Administration has already disavowed in litigation the

3

engages in an examination of all the factors that the Supreme Court has identified as relevant to a decision about the appropriate level of scrutiny. Finally, many of the more recent decisions have relied on the fact that the Supreme Court has not recognized that gays and lesbians constitute a suspect class or the fact that the Court has applied rational basis review in its most recent decisions addressing classifications based on sexual orientation, *Lawrence* and *Romer*.[6] But neither of those decisions reached, let alone resolved, the level of scrutiny issue because in both the Court concluded that the laws could not even survive the more deferential rational basis standard.

### Application to Section 3 of DOMA

In reviewing a legislative classification under heightened scrutiny, the government must establish that the classification is "substantially related to an important government objective." *Clark v. Jeter*, 486 U.S. 456, 461 (1988). Under heightened scrutiny, "a tenable justification must describe actual state purposes, not rationalizations for actions in fact differently grounded." *United States v. Virginia*, 518 U.S. 515, 535-36 (1996). "The justification must be genuine, not hypothesized or invented post hoc in response to litigation." *Id.* at 533.

In other words, under heightened scrutiny, the United States cannot defend Section 3 by advancing hypothetical rationales, independent of the legislative record, as it has done in circuits where precedent mandates application of rational basis review. Instead, the United States can defend Section 3 only by invoking Congress' actual justifications for the law.

Moreover, the legislative record underlying DOMA's passage contains discussion and debate that undermines any defense under heightened scrutiny. The record contains numerous expressions reflecting moral disapproval of gays and lesbians and their intimate and family relationships – precisely the kind of stereotype-based thinking and animus the Equal Protection Clause is designed to guard against.[7] *See Cleburne*, 473 U.S. at 448 ("mere negative attitudes, or

---

argument that DOMA serves a governmental interest in "responsible procreation and child-rearing." H.R. Rep. No. 104-664, at 13. As the Department has explained in numerous filings, since the enactment of DOMA, many leading medical, psychological, and social welfare organizations have concluded, based on numerous studies, that children raised by gay and lesbian parents are as likely to be well-adjusted as children raised by heterosexual parents.
[6] *See Cook v. Gates*, 528 F.3d 42, 61 (1st Cir. 2008); *Citizens for Equal Prot. v. Bruning*, 455 F.3d 859, 866 (8th Cir. 2006); *Johnson v. Johnson*, 385 F.3d 503, 532 (5th Cir. 2004); *Veney v. Wyche*, 293 F.3d 726, 732 (4th Cir. 2002); *Equality Foundation of Greater Cincinnati, Inc. v. City of Cincinnati*, 128 F.3d 289, 292-94 (6th Cir. 1997).

[7] *See, e.g.,* H.R. Rep. at 15–16 (judgment [opposing same-sex marriage] entails both moral disapproval of homosexuality and a moral conviction that heterosexuality better comports with traditional (especially Judeo-Christian) morality"); *id.* at 16 (same-sex marriage "legitimates a public union, a legal status that most people . . . feel ought to be illegitimate" and "put[s] a stamp of approval . . . on a union that many people . . . think is immoral"); *id.* at 15 ("Civil laws that permit only heterosexual marriage reflect and honor a collective moral judgment about human sexuality"); *id.* (reasons behind heterosexual marriage—procreation and child-rearing—are "in accord with nature and hence have a moral component"); *id.* at 31 (favorably citing the holding in *Bowers* that an "anti-sodomy law served the rational purpose of expressing the presumed belief . . . that homosexual sodomy is immoral and unacceptable"); *id.* at 17 n.56 (favorably citing statement in dissenting opinion in *Romer* that "[t]his Court has no business . . . pronouncing that 'animosity' toward homosexuality is evil").

4

fear" are not permissible bases for discriminatory treatment); *see also Romer*, 517 U.S. at 635 (rejecting rationale that law was supported by "the liberties of landlords or employers who have personal or religious objections to homosexuality"); *Palmore v. Sidotti*, 466 U.S. 429, 433 (1984) ("Private biases may be outside the reach of the law, but the law cannot, directly or indirectly, give them effect.").

### Application to Second Circuit Cases

After careful consideration, including a review of my recommendation, the President has concluded that given a number of factors, including a documented history of discrimination, classifications based on sexual orientation should be subject to a heightened standard of scrutiny. The President has also concluded that Section 3 of DOMA, as applied to legally married same-sex couples, fails to meet that standard and is therefore unconstitutional. Given that conclusion, the President has instructed the Department not to defend the statute in *Windsor* and *Pedersen*, now pending in the Southern District of New York and the District of Connecticut. I concur in this determination.

Notwithstanding this determination, the President has informed me that Section 3 will continue to be enforced by the Executive Branch. To that end, the President has instructed Executive agencies to continue to comply with Section 3 of DOMA, consistent with the Executive's obligation to take care that the laws be faithfully executed, unless and until Congress repeals Section 3 or the judicial branch renders a definitive verdict against the law's constitutionality. This course of action respects the actions of the prior Congress that enacted DOMA, and it recognizes the judiciary as the final arbiter of the constitutional claims raised.

As you know, the Department has a longstanding practice of defending the constitutionality of duly-enacted statutes if reasonable arguments can be made in their defense, a practice that accords the respect appropriately due to a coequal branch of government. However, the Department in the past has declined to defend statutes despite the availability of professionally responsible arguments, in part because the Department does not consider every plausible argument to be a "reasonable" one. "[D]ifferent cases can raise very different issues with respect to statutes of doubtful constitutional validity," and thus there are "a variety of factors that bear on whether the Department will defend the constitutionality of a statute." Letter to Hon. Orrin G. Hatch from Assistant Attorney General Andrew Fois at 7 (Mar. 22, 1996). This is the rare case where the proper course is to forgo the defense of this statute. Moreover, the Department has declined to defend a statute "in cases in which it is manifest that the President has concluded that the statute is unconstitutional," as is the case here. Seth P. Waxman, *Defending Congress*, 79 N.C. L.Rev. 1073, 1083 (2001).

In light of the foregoing, I will instruct the Department's lawyers to immediately inform the district courts in *Windsor* and *Pedersen* of the Executive Branch's view that heightened scrutiny is the appropriate standard of review and that, consistent with that standard, Section 3 of

5

DOMA may not be constitutionally applied to same-sex couples whose marriages are legally recognized under state law. If asked by the district courts in the Second Circuit for the position of the United States in the event those courts determine that the applicable standard is rational basis, the Department will state that, consistent with the position it has taken in prior cases, a reasonable argument for Section 3's constitutionality may be proffered under that permissive standard. Our attorneys will also notify the courts of our interest in providing Congress a full and fair opportunity to participate in the litigation in those cases. We will remain parties to the case and continue to represent the interests of the United States throughout the litigation.

Furthermore, pursuant to the President's instructions, and upon further notification to Congress, I will instruct Department attorneys to advise courts in other pending DOMA litigation of the President's and my conclusions that a heightened standard should apply, that Section 3 is unconstitutional under that standard and that the Department will cease defense of Section 3.

A motion to dismiss in the *Windsor* and *Pedersen* cases would be due on March 11, 2011. Please do not hesitate to contact us if you have any questions.

Sincerely yours,

Eric H. Holder, Jr.
Attorney General

6



**Bar Admissions**
California

**Court Admissions**
U.S. District Court, Northern District of CA
U.S. District Court, Central District of CA
U.S. District Court, Southern District of CA
U.S. District Court, Eastern District of CA
9th Circuit Court of Appeals

# David M. Stern
Partner
(310) 407-4025
dstern@ktbslaw.com

David M. Stern is a founding member of KTB&S.

Mr. Stern is a litigation attorney, specializing in business litigation, bankruptcy, reorganization and creditor's remedies. He has been listed in The Best Lawyers in America since 1995. Mr. Stern has widely written and lectured on issues of federal civil practice and discovery and co-authored the two-volume treatise, California Civil Discovery Practice (1988 and 1998 editions), published by the Continuing Education of the Bar through the University of California. Among his other writings are "Recent Developments in Truth in Lending Class Actions and Proposed Alternatives," 27 Stanford Law Review 101, and "Mediation: An Old Dog With Some New Tricks," 24 Litigation 31.

Mr. Stern was appointed by Chief Judge Wallace as one of two attorneys in the Ninth Circuit (plus several judges) to the Ninth Circuit Bankruptcy Local Rules Review Committee (1992-96). He also served as the 1998-99 President of the Association of Business Trial Lawyers (ABTL). He was first elected to the ABTL Board of Governors in 1989 and re-elected in 1991, 1993 and 1995. Mr. Stern was also elected an alternate delegate to the Ninth Circuit Judicial Conference in 1987; a full delegate in 1988; and, in 1989, Co-Chair for the term beginning in 1990-91. He is also a member of the American Bar Association, the Los Angeles County Bar Association and the Financial Lawyers Conference of Los Angeles.

Mr. Stern served as law clerk to the Honorable Ben C. Duniway of the United States Court of Appeals for the Ninth Circuit. After earning a Bachelor of Arts in Economics cum laude from Columbia University in 1972, he graduated from Stanford University Law School in 1975, where he was elected to the Order of the Coif and was a member of the Stanford Law Review.

Mr. Stern has served as special litigation counsel to the Creditors' Committee in the Chapter 11 cases of National Century Financial Enterprises, Inc., National Energy Gas & Transmission, Inc., Iridium Operating LLC, Pliant Corp. and Adelphia Communications, Corp., as general counsel to the



Creditors' Committee in the Chapter 11 cases of First Alliance Mortgage Company, Prandium and Orange Medical Instruments, as appellate counsel to the Debtor in the Chapter 11 case of Computer Communications, Inc., as trial and appellate counsel in connection with the Chapter 11 cases of Barry's Jewelers, Inc., Crescent Jewelers, Inc., Enron Corp. and Washington Group, Inc., as trial counsel in In re San Juan Dupont Plaza Hotel Fire Litigation, MDL No. 721, as creditor's counsel in the Chapter 11 cases of developers Donald Albrecht and H. Frank Dominguez, and as counsel for acquirers in the Chapter 11 cases of GenSci Orthobiologics, Inc., SFS Industries, San Diego Television, Inc. and Santa Monica Beach Hotel, Ltd. Reported cases include KWP Financial I v. Albrecht, 1998 U.S. App. LEXIS 2793 (9th Cir. 1998); In re Dominguez, 51 F.3d 1502 (9th Cir. 1995); In re Dominguez, 995 F.2d 883 (9th Cir. 1993); In re Recticel Foam Corp., 859 F.2d 1000 (1st Cir. 1988); Computer Communications, Inc. v. Codex Corp., 824 F.2d 725 (9th Cir. 1987); In re Shaw, 16 B.R. 875 (Bankr. 9th Cir. 1982); Enron Corp. v. Citigroup, Inc., (In re Enron Creditors Recovery Corp.), 410 B.R. 374 (S.D.N. Y. 2008); In re Enron Corp., 379 B.R. 425 (S.D.N.Y. 2007); Canada Life Assur. Co. v. Bank of America, 2006 WL 45427 (N.D. Ill. 2006); In re Adelphia Comm. Corp., 330 B.R. 364 (Bankr. S.D.N.Y. 2005). Mr. Stern has also served as trial or appellate counsel in numerous unreported cases and decisions.



**Bar Admissions**
California
Connecticut
Indiana
New York

### Robert J. Pfister
Partner
(310) 407-4065
rpfister@ktbslaw.com

Robert J. Pfister is a member of KTB&S.

Mr. Pfister received his Juris Doctor from NYU School of Law
(where he was named a Robert McKay Scholar) and his
Bachelor of Arts from Indiana University. Following law
school, Mr. Pfister served for two years as a law clerk to the
Honorable Janet Bond Arterton, United States District Judge
for the District of Connecticut.

In addition to first-chairing bench and jury trials, Mr. Pfister
has successfully argued dispositive motions and drafted
appellate briefs in federal and state courts around the country.
In particular, he was a principal author of the successful
*certiorari* petition and merits briefing in *Travelers Indemnity
Co. v. Bailey*, 129 S. Ct. 2195 (June 18, 2009). Mr. Pfister has
represented individuals and organizations in grand jury
investigations and regulatory inquiries, undertaken litigation-
related due diligence, negotiated settlement agreements, and
provided compliance advice to national and international
clients.

Mr. Pfister is admitted to practice before the United States
Supreme Court and every state and federal court in California,
New York, Connecticut and Indiana. He was recently
recognized as a "Rising Star" by Southern California Super
Lawyers (2009 and 2010).



**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**725 South Figueroa Street, Suite 2600, Los Angeles, California 90017-1574**

A true and correct copy of the foregoing document described as: **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF UNITED STATES TRUSTEE'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO 11 U.S.C. §1307(c) OR FOR RELATED RELIEF**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.**     **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On __**4/15/11**___     I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

> Kathy A Dockery (TR)    efiling@CH13LA.com
> M Jonathan Hayes    jhayes@polarisnet.net
> Peter M Lively    PeterMLively2000@yahoo.com, PeterMLively2000@yahoo.com
> Robert J Pfister    rpfister@ktbslaw.com
> United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐     Service information continued on attached page

**II.**     **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On     __**4/15/11**___     I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☒     Service information continued on attached page

**III.**     **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on__**4/15/11**___     I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed. **Upon filing I will be giving a filed document to a Court delivery service consistent with our normal business practice, with instructions to deliver the copy to the bin outside the suite (Court Manual Appendix F), as follows:**
The Honorable Alan M. Ahart, Judge Ahart's Courtesy Bin outside Suite 1382, 255 E. Temple St, Los Angeles, CA 90012
The Honorable Thomas Donovan, Courtesy Bin outside Suite 1352, 255 E. Temple St., Los Angeles, CA  90012
☐     Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 4/15/11 | HELEN CRUZ | _Helen Cruz_ (signature) |
|---------|------------|-----------|
| _Date_ | _Type Name_ | _Signature_ |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F.9013-3.1.PROOF.OF.SERVICE**

## ADDITIONAL SERVICE INFORMATION

**II.    SERVED BY U.S. MAIL OR OVERNIGHT MAIL:**

DEBTORS:
Gene Douglas Balas & Carlos A. Morales, 5702 Lindenhurst Ave., Los Angeles, CA 90036

DEBTORS' COUNSEL:
Peter M. Lively, The Law Offices of Peter M Lively, 11268 Washington Blvd Ste 203, Culver City, CA 90230-4647

DEBTORS' COUNSEL:
Robert J Pfister, Klee Tuchin Bogdanoff & Stern LLP, 1999 Ave of the Stars 39th Fl, Los Angeles, Ca 90067

CREDITORS:
American Honda Finance Corp., Acura Financial Services, PO Box 168088, Irving TX 75016-8088

BANK OF AMERICA, P.O. BOX 15026, WILMINGTON, DE 19850

BMW FINANCIAL SERVICES, C/O VITAL RECOVERY SERVICES, INC., P.O. BOX 923748, NORCROSS, GA 30010

BMW FINANCIAL SERVICES, P.O. BOX 3608, DUBLIN, OH 43016-0306

Candica L.L.C , C O WEINSTEIN AND RILEY, PS, 2001 WESTERN AVENUE, STE 400, SEATTLE, WA 98121

Candica L.L.C, C O WEINSTEIN AND RILEY, PS, 2001 WESTERN AVENUE, STE 400, SEATTLE, WA 98121

CAPITAL ONE BANK, P.O. BOX 30285, SALT LAKE CITY, UT 84130

CEDARS-SINAI, P.O. BOX 60109, LOS ANGELES, CA 90060

CHASE, P.O. BOX 15298, WILMINGTON, DE 19850

CHEVRON CREDIT BANK, P.O. BOX 5010, CONCORD, CA 94524

CITIBANK, P.O. BOX 26892, SAN FRANCISCO, CA 94126

CONSULTANTS FOR PATHOLOGY, 4607 LAKEVIEW CANYON RD., SUITE 598, WESTLAKE VILLAGE, CA 91361

EMPLOYMENT DEVELOPMENT DEPARTMENT, State of California, Benefit Overpayment Collection Section, MIC 91, P.O. Box 826218, Sacramento, CA 94230-6218

FIA Card Services aka Bank of America, c o Becket and Lee LLP, POB 3001, Malvern, PA 19355-0701

FIA Card Services, NA as successor in interest to, Bank of America NA and MBNA America Bank, 1000 Samoset Drive, DE5-023-03-03 , Newark, DE 19713

Franchise Tax Board, Bankruptcy Section MS A340, PO BOX 2952, Sacramento CA 95812-2952

FRANCHISE TAX BOARD, ATTENTION: BANKRUPTCY, P.O. BOX 2952, SACRAMENTO, CA 95812

HSBC Bank Nevada, N.A., by PRA Receivables Management, LLC, PO Box 12907, Norfolk VA 23541

HSBC CARD SERVICES, C/O HUNT & HENRIQUES, 151 BERNAL ROAD, SUITE 8, SAN JOSE, CA 95119

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

HSBC CARD SERVICES, P.O. BOX 81622, SALINAS, CA 93912

HSBC CARD SERVICES, HUNT & HENRIQUES, 151 BERNAL ROAD, SUITE 8, SAN JOSE, CA 95119

HSBC CARD SERVICES, C/O NCO FINANCIAL SYSTEMS, P.O. BOX 15372, WILMINGTON, DE 19850

INTERNAL REVENUE SERVICE, CENTRALIZED INSOLVENCY OPERATION, P.O. BOX 7346, PHILADELPHIA, PA 19101-7346

INTERNAL REVENUE SERVICE, P.O. BOX 21126, PHILADELPHIA, PA 19114

MD PERIODONTICS, A. MOSHREFI, DDS MS & N. DANESHMAND, 9735 WILSHIRE BLVD., SUITE 211, BEVERLY HILLS, CA
90212

Park La Brea, 6200 W. Third Street, Los Angeles, CA 90036

SALLIE MAE, P.O. BOX 9533, WILKES-BARRE, PA 187773-9533

Sallie Mae Inc. on behalf of USA FUNDS, Attn: Bankruptcy Litigation Unit E3149, P.O. Box 9430, Wilkes-Barre, PA 18773-9430

---

August 2010                                                   **F.9013-3.1.PROOF.OF.SERVICE**