PETER C. ANDERSON
UNITED STATES TRUSTEE
JILL M. STURTEVANT (State Bar No. 089395)
ASSISTANT UNITED STATES TRUSTEE
HATTY YIP (State Bar No. 246487)
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE
725 S. Figueroa Street, Suite 2600
Los Angeles, CA 90017
Phone (213) 894-1507
Fax (213) 894-2603
Email: hatty.yip@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>**GENE DOUGLAS BALAS and CARLOS A. MORALES,**<br><br>Debtor(s). | Case No. 2:11-bk-17831-TD<br><br>Chapter 13<br><br>MOTION FOR LEAVE TO APPEAL |

## I. INTRODUCTION

The United States Trustee seeks to appeal the United States Bankruptcy Court's Memorandum of Decision and Order denying the United States Trustee's Motion to Dismiss pursuant to 11 U.S.C. § 1307(c) or for Related Relief ("Memorandum of Decision"), and the Order overruling the United States Trustee's objection to confirmation of plan ("Order Overruling Objection"). The appeal presents the issue of the constitutionality of Section 3 of the Defense of Marriage Act ("DOMA"), 1 U.S.C. § 7. Although the Attorney General and the President have

1 concluded that Section 3 of DOMA, as applied to legally married, same-sex couples, is subject to
2 heightened constitutional scrutiny and is unconstitutional under that standard, the President has
3 instructed that Executive departments and agencies continue to comply with Section 3 unless and
4 until it is repealed by Congress or there is a definitive ruling by the Judicial Branch that Section 3
5 is unconstitutional. The United States Trustee moved to dismiss the debtors' petition and notified
6 the Bipartisan Legal Advisory Committee ("BLAG") of the pendency of the litigation in the event
7 that Congress chose to participate. Justice is interested in providing Congress a full and fair
8 opportunity to participate in this and other casein which a challenge to the constitutionality of
9 Section 3 may be presented. Accordingly, although Congress elected not to participate in the
10 proceedings before the Bankruptcy Court, the United States Trustee has timely filed a Notice of
11 Appeal so that the Bankruptcy Court's ruling that an act of Congress is unconstitutional may be
12 reviewed in this Court.
13       The Court may and should find that the orders on appeal are final and appealable under 28
14 U.S.C. § 158(a)(1) under a pragmatic approach to finality that applies in bankruptcy. Alternatively,
15 if the Court determines that the Memorandum of Decision and Order Overruling Objection are
16 interlocutory, the United States Trustee respectfully requests leave to appeal pursuant to FRBP 8001,
17 FRBP 8003, and 28 U.S.C. § 158(a)(3).

18 **II.**    **STATEMENT OF FACTS**

19     1.    On April 15, 2011, the United States Trustee filed a Motion to Dismiss pursuant to
20 11 U.S.C. § 1307(c) or for Related Relief (hereinafter "Motion to Dismiss"), alleging that Debtors
21 are not eligible to file a joint petition.

22     2.    On April 27, 2011, Debtors Gene Douglas Balas and Carlos A. Morales ("Debtors")
23 filed an Opposition to the Motion to Dismiss, arguing that DOMA is unconstitutional.

24     3.    A hearing was held on the Motion to Dismiss on May 17, 2011.

25     4.    On June 7, 2011, Debtors filed a Reply Brief.

26     5.    A continued hearing was held on the Motion to Dismiss on June 13, 2011.

27     6.    On June 13, 2011, the Court issued a Memorandum of Decision, finding DOMA to

28

UST 000002

be unconstitutional and denying the Motion to Dismiss.

7. On June 20, 2011, the Court issued an Order overruling the United States Trustee's objection to confirmation of plan.

### III. STATEMENT OF QUESTIONS PRESENTED AND RELIEF SOUGHT

The United States raises the following issues on appeal:

a. Did the Bankruptcy Court err in denying the United States Trustee's Motion to Dismiss the Case or in overruling the United States Trustee's Objection to Confirmation of Plan?

b. Did the Bankruptcy Court err in concluding that Section 3 of the Defense of Marriage Act, 1 U.S.C. § 7, did not require the dismissal under 11 U.S.C. § 1307(c) of Debtors' joint bankruptcy petition?

c. Did the Bankruptcy Court err in concluding that Section 3 of the Defense of Marriage Act, 1 U.S.C. § 7, is unconstitutional under the equal protection component of the Fifth Amendment's Due Process Clause?

The United States Trustee also requests that the Memorandum of Decision and denial of the Motion to Dismiss be reversed.

### IV. STATEMENT OF REASONS WHY AN APPEAL SHOULD BE GRANTED

Federal district courts are vested with jurisdiction to hear appeals from bankruptcy court decisions by 28 U.S.C. § 158(a).

**A. The Memorandum of Decision and Order Overruling Objection are Final Orders Appealable by Right.**

A final order may be appealed as a matter of right under 28 U.S.C. § 158(a)(1). The Ninth Circuit has developed a 'pragmatic approach' to deciding whether orders in bankruptcy cases are final.[1] The following four factors are considered: "(1) the need to avoid piecemeal litigation; (2)

---

[1] *See United States Dep't of Labor v. Grayson (In re Grayson)*, 125 F. Appx. 784, 786, 2005 WL 434462, *1 (9th Cir. 2005); *Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1038 (9th Cir. 2000). *But see Dunkley v. Rega Props., Ltd. (In re Rega Props., Ltd.)*, 894 F.2d 1136,

- 3 -

UST 000003

1 judicial efficiency; (3) systemic interest in preserving the bankruptcy court's role as the finder of
2 fact; and (4) whether delaying review would cause either party irreparable harm."[2] Taking these
3 factors into consideration, review of the Memorandum of Decision and Order Overruling Objection
4 avoids delay and piecemeal litigation, preserves the bankruptcy court's role as finder of fact as
5 constitutional legal issues were raised, and is most practical at the present time. Therefore, the Court
6 should determine that the Memorandum of Decision and Order Overruling Objection are final,
7 appealable orders.

      **B.    Alternatively, the Memorandum of Decision and Order Overruling Objection are Appealable Interlocutory Orders.**

10     Even if the Court determines that the Memorandum of Decision and Order Overruling
11 Objection are not final orders, interlocutory orders are appealable with leave of court pursuant to 28
12 U.S.C. § 158(a)(3). Rule 8003(a) governs the procedure for leave to appeal. "Granting leave is
13 appropriate if the order involves a controlling question of law where there is substantial ground for
14 difference of opinion and when the appeal is in the interest of judicial economy because an
15 immediate appeal may materially advance the ultimate termination of the litigation."[3] Because the
16 Memorandum of Decision and Order Overruling Objection involve controlling questions of law, the
17 Court should exercise its discretion to grant leave to appeal and accept jurisdiction in this case.

18 **V.    CONCLUSION**

19     For the reasons stated herein, in the event that the Court determines that the Memorandum
20 of Decision and Order Overruling Objection are interlocutory orders, the United States Trustee
21 respectfully requests that leave to appeal be granted. Accordingly, the United States Trustee should
22 be afforded an appeal of the Memorandum of Decision and Order Overruling Objection as

---

1138-39 (9th Cir. 1990) ("an order denying a motion to dismiss a debtor's petition is not final"); *Allen v. Old Nat'l Bank of Wash. (In re Allen)*, 896 F.2d 416, 418 (9th Cir. 1990).

[2]*Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d at 1038.

[3]*See In re Kashani*, 190 B.R. 875, 883 (9th B.A.P. 1995).

- 4 -

UST 000004

1 | appealable final orders or as appealable interlocutory orders.

2 | DATED: June 27, 2011                    Respectfully submitted,

3 |                                          PETER C. ANDERSON
                                             UNITED STATES TRUSTEE
4 |

5 |                                          By: /s/ JILL M. STURTEVANT
                                                 JILL M. STURTEVANT
6 |                                              Assistant United States Trustee

- 5 -

UST 000005